Day, J.
l. tax sale: ment and taxes I. On the trial plaintiff offered in evidence the assessor’s return, collection book, and sale book, for the purpose of showing that the lands were valued by the assessor at $560, and the taxes computed on a valuation of $616; and that part of the tax was a railroad tax, for the levy of which there was no legal authority. Upon the rejection of this testimony error is assigned. These questions were presented to this court, when the case was before it upon a former appeal, and it was held that in this action of the court below there was no error. See Eldridge v. Kuehl, 27 Iowa, 169.
*269 z_assesSor’s return. *268 A further purpose in offering the assessor’s return was to , show “ that the land was listed in the name of James *269 Morsman, who was not the owner thereof.” If the agSessor’s return had been admitted it wo'uld not have shown that James Morsman was not the owner of the land. Hence, unless followed by other evidence, it was wholly immaterial. The record does not show that, at any time during the trial, the plaintiff offered or proposed to prove that Morsman was not the owner. "We cannot, therefore, say that the court erred in excluding this testimony.
3. — time of sale: postponement; record of It was also proposed to introduce the collector’s sale book for the further purpose of showing “ that the sale for taxes was not held on the day fixed by the - , ° , statute, and contains no record showing the reason why it was held upon a different day.” Section 776 of the Revision provides that if, from neglect of officers to make returns or from other good cause, the sale cannot occur on the first Monday of October, the treasurer shall make the sale on the first Monday of the next succeeding .month in which it can be made, allowing time for publication. This statute authorizes a sale at a ;time other than the first Monday of October. There is nothing in the revenue law which directly or by implication requires the reasons for making sale at such other time to be recorded in the sale book. The evidence was immaterial, and, although excluded upon an improper ground, namely, that the deed was conclusive, yet its introduction coxdd not have resulted in any benefit.
5.- — -warrant: evidence." II. Plaintiff having given in evidence the warrant attached to the collector’s book, signed “ Ira M. Gifford, Acting County Judge,” the defendant introduced Rufus Linderman as a witness, and offered to prove by his oral testimony that, at the date of the.warrant, he, the witness, was county judge of Scott county, (it having been admitted that Ira M. Gifford was then clerk of the district court), and that the said Linderman was at the time absent from the State of Iowa. The *270 plaintiff objected to this testimony, that it was incompetent and immaterial. The overruling of the objection is assigned as error. That the testimony was proper, see Corbin v. Hill, 21 Iowa, 71. That a sale could properly have been made, even without any warrant, see Parker et al. v. Sexton & Son, 29 Iowa, 421.
e. — retrospective operation of statute. III. Our attention has been called to one fact which was not presented at the time this cause was before this court upon the former appeal, viz.: that the taxes „ , , . , for which the land m controversy was sold were delinquent before the enactment of section 762 of the Revision, which provides that an error or irregularity in the tax shall not affect the validity of the sale. It is now claimed that this section does not apply to a sale for a delinquency existing at the time of its passage. The position we believe to be untenable. The sale takes place under the law in force at the time it occurs. It is competent for the legislature to modify and change the provisions of its revenue law. And if this change imposes new conditions upon the collection of taxes already delinquent, the tax payer has no ground of complaint. Negus v. Yancy & Smith, 22 Iowa, 59. He can relieve himself from the effect of these conditions by payment of his taxes. If he continue in default until after a change in the law takes place, his default constitutes a new delinquency to which the law applies, and by which it is governed. See Bartruff v. Remey, 15 Iowa, 257; Haskell v. City of Burlington, ante, 231. That this statute, if applicable to this sale, cures the defects complained of, was distinctly held in Eldridge v. Kuehl, before cited.
i UTwrorAT,. ooveredevideuce. IY. The only remaining question demanding consideration is the overruling of the motion for a new trial, based upon newly-discovered evidence. It is well-settled rule of law,, that in order to entitle a party to a . new trial, upon the ground of newly-discovered evidence, the party applying *271 therefor must show, not only his ignorance of the' existence of the testimony, but that a knowledge of it could not have been obtained by the exercise of reasonable diligence. There is, in this case, not even an allegation that diligence was used to ascertain the existence of the testimony. Such allegation, however, alone, would not be sufficient. The party must show what he did do, that the court may judge of its sufficiency, and the application should be accompanied by the affidavit of the newly-discovered witness, where it can be procured. This was not done. See Manix v. Malony, 7 Iowa, 81; Carson v. Cross, 14 id. 463; Usher v. Pratt, 9 id. 59 Pelamourges v. Clark, id. 1.
There was no error in the action of the district court, and its judgment is
Affirmed.