## L. B. MOODY *v.* J. M. HOSKINS.

CONSTITUTIONAL LAW. *Right to redeem land sold for taxes. Power of legislature to take away.*

The legislature, after a sale for taxes, under a law which secures to the owner the right to redeem the land, cannot take away and destroy this right.

APPEAL from the Chancery Court of Lincoln County.

HON. LAUCH MCLAURIN, Chancellor.

The bill in this case was exhibited by L. B. Moody against J. M. Hoskins, praying that complainant be allowed to redeem certain lands held by the defendant by virtue of a tax-title. The defendant demurred, and the Chancellor sustained the demurrer and dismissed the bill. The complainant appealed. The facts presenting the point in controversy are sufficiently stated in the opinion.

*A. C. McNair*, for the appellant.

A vested right to redeem was by the words of § 1701 of Code of 1871 lodged in appellant. The language used is "the *right* to redeem the same," etc., and not the privilege. An entire estate did not pass by the tax-sale—out of the estate passed was by law carved, or rather reserved to the owner, a right to redeem— and this right or estate was a condition attaching to the State's title, which the legislature could not divest. It has been held that the legislature cannot extend the time for redemption, and this on the ground that the purchase at a tax-sale is a contract. If the purchase is a contract, is not the sale a contract?

The State in this case got no title until the period for redemption had expired as to appellant, and if counsel's position is right the effect was or might have been to deprive appellant of the right to use the property, to receive the rents and profits from the time of the sale until one year after he reached the age of twenty-one years. Was not this a most material right of property which the legislature could not divest? and are not his rights to be judged and determined by the law in force at the time of sale to the State?

There is a dearth of authorities on this interesting subject accessible to me, but without having had an opportunity to examine them I refer to the following, which seemingly bear on the question : *Cargill* v. *Power*, 1 Mich. 369; *State* v. *Commissioners of School and University Lands*, 4 Wis. 414; Judge Cooley in his work on Taxation 370, seems to be in doubt.

*H. Cassedy*, for the appellee.

The legislature has a perfect right to repeal any statute extending the right of redemption to infants until they become of age and one year thereafter.

The right to redeem in any case is a mere *act* of *grace* to the delinquent taxpayer, which the legislature may withdraw at any time before the delinquent has availed himself of the privilege.. 13 Wis. 341 ; 12 Wis. 371 ; 1 Hill 324. No element of a contract enters into the act of indulgence, and the legislature in the repeal of such a law impairs no obligation that is within the constitutional prohibition.

The decree of the Chancellor in sustaining the demurrer and dismissing the bill was therefore correct, and it should be affirmed.

CAMPBELL, J., delivered the opinion of the court.

On the 3d of January, 1876, when the land was sold for taxes and purchased by the State it belonged to infants, who by the statute then in force, Code of 1871, § 1701, had " the right to redeem the same within one year after attaining full age," on the terms prescribed by that section. On the 15th of April, 1876, by " An Act in relation to public revenue and for other purposes," Acts, p. 129, that part of the Code of 1871 was repealed and all lands held by the State for taxes were declared subject to purchase, as provided by that act, by which the State proposed to convey an absolute title to the purchaser from it. The land was purchased from the State in December, 1878, in pursuance of this act, and is now held by the appellee, who denies the right of the infants to redeem as provided by the Code of 1871, and claims title free from the right of redemption.

This presents the question, Can the legislature, after a sale for taxes under a law which secures to the owner the right to redeem the land, take away and destroy this right?

We answer in the negative. To admit such a right is to concede the power to transfer valuable rights from one to another by the easy process of legislative declaration. By its purchase of this land, on the 3d of January, 1876, the State acquired not an absolute title but a conditional or contingent one, which was liable to be defeated and divested by the redemption of the land as prescribed. By the act of the 15th of April, 1876, this right of redemption was destroyed by enacting that the title of the State, before that conditional and contingent, should be absolute and unconditional, and held free from any right of redemption. This is not legislation but confiscation, and is beyond the power of the legislature. The right of redemption, as secured by the law in force when the sale was made to the State, was not affected by the

act of April 15, 1876, and the purchaser from the State took the land subject to this right.

*Decree reversed, demurrer overruled, and cause remanded with leave to plead or answer in thirty days after the mandate herein shall be filed in the chancery court.*