Lonnie Bolles v. Dade County Croppers, Inc.

154 So. 848.
Opinion Filed May 16, 1934.

*Roger Edward Davis,* for Appellant;

*Chappell, Brown* and *Allen,* for Appellee.

PER CURIAM.—Appellee, the assignee of a tax certificate, less than four years from the date of its issuance (date of the certificate being 3rd day of June, A. D. 1929) applied for and obtained a tax deed based thereon, and thereupon brought suit to foreclose the tax deed against the defaulting taxpayer's homestead which the certificate described and covered. The Chancellor below sustained the complainant's right to foreclose and granted a final decree awarding complainant that relief. Defendant has appealed, assigning as error among other things the refusal of the Chancellor to dismiss the bill as premature.

Chapter 14572, Acts of 1929, is cited in the bill as complainant's authority to maintain its suit. · Chapter 15053, Acts of 1931, Laws of Florida, is the basis of defendant's contention that suit is not authorized. The last mentioned Act is in substance as follows: "* * * that no suit shall be brought on any tax sale certificate upon any homestead until after the expiration of four years from the date of such certificate." The 1931 Act makes no reference to foreclosure of tax *deeds* as distinguished from tax certificates. So it was suggested by the complainant below that Chapter 15053, Acts of 1931, could not be applicable to the present

suit which was to foreclose a *tax deed* and not a tax certificate.

Therefore the question attempted to be presented is whether or not the purchaser or holder of a tax sale certificate upon a homestead is precluded by the terms of the four-year restriction imposed by Chapter 15053, *supra*, from foreclosing his *tax deed* within a period of less than four years from the certificate date, although he has first converted his tax sale certificate into a *tax deed* by following the due form of legal procedure prescribed for such conversion.

The tax deed sought to be foreclosed in this case was based upon a City of Miami tax certificate bought in by the City of Miami, assigned to the Ranger Realty Company and then reassigned to Dade County Croppers, Inc., the complainant below. The deed was issued on July 30, 1931, but was predicated on a tax sale certificate dated June 3, 1929. This suit was filed September 24, 1931, less than four years from the date of the tax sale certificate issued on June 3, 1929.

Whatever may be the legal operation or effect of Chapter 15053, Acts of 1931, as a restriction on the foreclosure rights given by the provisions of Chapter 14572, Acts of 1929, providing for the foreclosure of tax deeds as distinguished from tax certificates, it is certain that it should not be so construed as to apply to tax sale certificates that were issued and sold under laws existing prior to Chapter 15053, *supra*, wherein no such limitation or restriction was made. To hold otherwise might be deemed an impairment of the rights and remedies accruing to tax certificate holders before Chapter 15053 was ever enacted. Section 10, Article I, U. S. Constitution.

In construing a statute the courts should construe it not

only in such manner as to avoid a construction that will render it unconstitutional, but should so construe it as to avoid grave doubts on the score of its constitutionality as construed. We therefore construe Chapter 15053, Acts of 1931, as intended to operate prospectively only and that it has no application to proceedings based upon tax certificates issued and sold prior to June 15, 1931, the date upon which Chapter 15053, Acts of 1931, became effective.

The final decree included an item of $46.20 for insurance due complainant. We find no legal authority under Chapter 14572, Acts of 1929, for such an allowance. Neither do we find authority for the allowance in the decree of $45.00 for cost of partial abstract of title. See Kennedy v. Hancock, 108 Fla. 601, 146 Sou. Rep. 667. Section 23, Chapter 14572, Acts of 1929.

The decree appealed from is modified by the elimination therefrom of the two items of $46.20 for insurance and $45.00 for cost of partial abstract, and as modified, is affirmed, one-half of the costs of the appeal to be taxed against the appellee.

Decree of foreclosure modified and affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

ELLIS, J. (dissenting).—The complainant was not a purchaser of land at tax sale, nor did the complainant purchase the tax certificate from a person who purchased the land at tax sale. When the land was sold by the City at tax sale it was purchased by the City. In that transaction did the City have a contract with itself the obligation of which could be interfered with by subsequent legislation?

If not, then Chapter 15053, Acts of 1931, cannot be said to impair the obligation of a contract evidenced by the sale

at tax sale of a parcel of land at which the City was both seller and purchaser. The land was sold by the City of Miami on June 3, 1929, for the non-payment of City taxes levied for the year 1928 and purchased by the City. The certificate was assigned by the City in November, 1929, to Ranger Realty Company and by that Company assigned in June, 1931, to complainant. A deed was issued to complainant on that certificate a month later.

On the date of the tax deed Chapter 15053, *supra,* was in effect, which deals with the foreclosure in equity of tax certificates and tax deeds. The proviso in the one section of the Act is that no suit shall be brought on any tax sale certificate upon any homestead until after the expiration of four years from the date of such certificate. The suit in this case was brought two years and three months and three weeks after the date of the certificate. The attempt to distinguish between tax certificates and tax deeds in the matter of the foreclosure of the liens supposed to be evidenced by them has no basis in substance. The Act treats them all as liens, one having no superiority over the other. To say that a clerical act in issuing a tax deed on a tax certificate defeats the benefits which Chapter 15053, *supra,* seeks to extend to a home owner is to sacrifice the grain to chaff.

I think the motion to dismiss should have been granted. BROWN, J., concurs.