EDGAR JOHN PHILLIPS, *et ux.*, v. THE SECURITY INVESTMENT CORP.

157 So. 496.
Division A.
Opinion Filed November 14, 1934.
Petition for Rehearing Denied December 17, 1934.

*Harry L. Thompson* and *Waller & Pepper,* for Appellants;

*Thomas Hamilton,* for Appellee.

PER CURIAM.—This was a suit brought by the appellee, The Security Investment Corporation, to foreclose a certain tax certificate issued at the 1930 tax sale for taxes levied for the year 1929 upon property alleged to be, at the time of the institution of the suit, the homestead of the appellants, Edgar John Phillips and Lois Phillips, his wife. Appellants relied upon Chapter 15053, Acts 1931, to defeat the suit on the ground that it was prematurely brought. The Chancellor below rejected the proposed defense.

It was conceded in the oral argument on behalf of appellants that unless this Court shall overrule its recent decision in the case of Bolles v. Dade County Croppers, Inc., 114 Fla. 868, 154 Sou. Rep. 848, the appellants' appeal must fail on the authority of that case alone. We are accordingly asked to overrule that decision, and to now hold under Chapter 15033, Acts 1931, the limitation on foreclosure of tax liens on homesteads prescribed by that statute may be

retroactively applied to tax certificates issued prior to the effective date of said 1931 Act.

This Court has again considered its opinion in the case of Bolles v. Dade County Croppers, Inc., *supra,* in the light of the able arguments advanced by counsel for appellants in support of their contention that said decision should be overruled, but have found no valid reason for not adhering to said decision and to the construction therein placed, on Chapter 15053, *supra,* to the effect that said chapter is to be held to operate prospectively only, and is not to be considered applicable to proceedings to foreclose tax liens based on tax certificates issued and sold prior to June 15, 1931, the date Chapter 15053 became operative.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.