CHAS. LOCKIE, Appellant, v. VAN W. HAMMERSTROM, County Treasurer, Appellee.

No. 43535.

OCTOBER 27, 1936.

Chas. Lockie, Donald S. Peter, and Clarence S. Nash, for appellant.

Franklin Gill, for appellee.

DONEGAN, J.—This action was brought by the plaintiff, holder of tax sales certificates, against the defendant, county treasurer of Woodbury county, asking for a writ of mandamus to compel the latter to accept and file the affidavit and proof of service by plaintiff of notice of expiration of time for redemption from the tax sales for which such certificates were issued, and to notify the county auditor of such filing. No answer or appearance was made by the defendant at the term for which the action was brought and a default was entered and peremptory order of mandamus issued as prayed. Thereafter, the de-

fendant filed a motion to set aside the default and writ, which was sustained by the court, and the defendant answered. Upon the trial of the case the plaintiff's petition was dismissed, and he appeals.

There is no dispute in the facts, which were stipulated by the parties. From such stipulation it appears that, at what is called a scavenger or portion tax sale held by the county treasurer under section 7255, Code of 1931, on the 15th day of August, 1934, the plaintiff purchased certain lots of real estate in Sioux City and certificates of sale were issued to him; that, on the 16th day of August, 1935, the plaintiff caused to be served upon the parties to whom the lots were taxed, and upon the parties in possession thereof, notices of the expiration of their right to redeem 90 days from the date of the completed service of said notices; that, on the 20th day of August, 1935, the plaintiff filed these notices in the office of the county treasurer and that the notices were stamped filed under certain numbers designating them, but that the county treasurer did not notify the county auditor of such filing; that, on the 24th day of August, 1935, the county treasurer returned these notices to the plaintiff, claiming that the treasurer was unable to permit them to be filed until two years and nine months after August 15, 1934, the date of sale and issuance of certificates; and that service of notice of expiration of the time of redemption from tax sales are not considered complete until such notices are filed with the county treasurer and the county treasurer has notified the county auditor of the filing of such notices by him.

The question of law presented is: Does the amendment enacted by the Forty-sixth General Assembly to section 7279 of the Code of 1931, which became effective March 30, 1935, apply to the notice of expiration of time of redemption from the tax sale under which the plaintiff purchased the lots for which certificates of tax sale were issued to him on August 15, 1934? Section 7279 of the Code of 1931 provides:

"After two years and nine months from the date of sale, the holder of the certificate of purchase may cause to be served upon the person in possession of such real estate, and also upon the person in whose name the same is taxed, * * * a notice signed by him, his agent, or attorney, stating the date of sale, the description of the property sold, the name of the purchaser, and that

the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service thereof.''

By chapter 83 of the Forty-sixth General Assembly this section was amended, and such amendment provided:

''That section 7279 of the code, 1931, is hereby amended by inserting after the comma in line 2 thereof the following: 'or after nine (9) months from the date of a sale made under the provisions of section 7255 of the code, 1931.''

This act by its terms became effective March 30, 1935, and therefore, after that date, said section 7279, as now amended, read as follows:

''After two years and nine months from the date of sale, *or after nine months from the date of a sale made under the provisions of section 7255*, the holder of the certificate of purchase may cause to be served upon the person in possession of such real estate, and also upon the person in whose name the same is taxed, * * * a notice signed by him, his agent, or attorney, stating the date of sale, the description of the property sold, the name of the purchaser, and that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service thereof.'' (The italics are ours and show the words added to the section by the amendment.)

The appellant contends that this section as amended, being in effect on August 16, 1935, the day on which he filed his notices of expiration of time of redemption and proof of service thereof, he had the right to file these notices and proofs of service, as more than nine months had elapsed from the date of the sale, and that the period of redemption would expire and a deed issue for said lots unless redemption was made within ninety days after the completed service thereof. The appellee contends that the amendment applies only to sales made after it went into effect, and that it does not apply to the sale in this case, which was made on August 15, 1934.

█ █ █ The appellant argues that the provisions of section 7279, in regard to time of filing notice of expiration of time of redemption and issuance of deed, have reference only to the

remedy and procedure, and that the legislature has power to make changes as to these matters, and to make such changes applicable to sales already made. The appellee, on the other hand, contends that the law in effect at the time that the tax sale takes place controls the rights of the parties, which then became fixed and vested; that the legislature does not have the power to change these rights by subsequent legislation; and that in this case, therefore, the amendment does not apply, because the sale took place before the amendment became effective. Appellant relies upon and quotes extensively from Negus v. Yancey & Smith, 22 Iowa 57; Haskel v. City of Burlington, 30 Iowa 232; Sully v. Kuehl, 30 Iowa 275. We think a reading of these cases, however, will show that in none of them was there involved a statute changing the time of redemption from a tax sale which had taken place before the law became effective. None of these cases goes further than to hold that a change made in the law, after the taxes had become delinquent, applies to such taxes as were delinquent at the time the law became effective, as well as to those that became delinquent thereafter. We do not think the language in these opinions, which is here relied on, was meant to recognize the rule for which the appellant contends; and, even if it went to that extent, it would be no more than dicta under the facts of the cases in which it is used.

Appellee calls attention to paragraph 1 of section 63 of the Code, 1931, providing that, ''The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed,'' and contends that, under well established law applicable to this case, the rights of all parties connected with a tax sale accrue and become vested and fixed at the time the sale takes place. We think the authorities support the appellee's contention. In 61 C. J., 1243, it is said:

''The right to redeem from a tax sale is dependent for its existence upon, and is governed by, the law in force when the sale was made, regardless of when the taxes became due, or the overdue tax decree was rendered, or when the redemption is made, unless within the terms of an exception or proviso therein contained.''

Section 1560, vol. 4, Cooley on Taxation, 4th Ed., states:

"The statute in force at the time of the sale governs the rights of redemption. A subsequent act giving the right to redeem is ineffectual to confer the right."

In volume 2, par. 729, Blackwell on Tax Titles, 5th Ed., it is said:

"The law in being at the time of sale governs the right of redemption. The time can be neither lengthened nor shortened by subsequent legislation."

In Negus v. Yancey & Smith, supra, one of the cases cited by appellant, it is said:

"The law of the sale must be the law to regulate the right of redemption, inasmuch as that must take place within a prescribed time from the date of the former."

Appellant has not pointed out, and we have been unable to find, any case in which it has been held that a legislative act changing rights in regard to redemption from tax sale, from what they were at the time that the sale took place, has ever been held to be a valid exercise of legislative power.

■■■ Appellant places considerable stress in argument upon his claim that, in any event, the county treasurer does not have the authority to refuse to accept notices of expiration of time to redeem from tax sales with proof of service thereon, because, in his opinion, such notices were served too soon. While cases may arise in which a county treasurer may be mistaken, in his opinion that a notice tendered to him is not such that it should be filed in his office; and while, in a proper case, such officer could be compelled to file a notice thus tendered to him, we do not think that the case at bar presents such a situation. Under the facts and the law of this case, the holder of tax certificates has no right to file his notice of expiration of time of redemption with proof of service until after two years and nine months from the date of the tax sale. While it is true that, for tax sales which took place after the amendment here involved went into effect, the notices of expiration of time of redemption and proof of service, where such sales were under section 7255 of the Code, can be filed after the expiration of nine months from the date of such sale, we think it quite clear that where, as in this case, the tax sale took place before the amendment went into effect, the ..

only provision for the filing of notice of expiration of time of redemption with the county treasurer, and imposing a duty upon him to give notice thereof to the county auditor, is that which was in the statute at the time the sale took place. It seems obvious that neither a county treasurer nor any other officer is obliged to accept or file any and every paper that any party may tender to him and ask him to file in his office. As the appellant herein had no right to file the notices which he seeks by writ of mandamus to compel the treasurer to accept, we find no reason for disturbing the action of the trial court.

The order of the trial court is, therefore, affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, KINTZINGER, and RICHARDS, JJ., concur.