KILLIAN *v.* THE NATIONAL LIFE INSURANCE COMPANY.

4-6246                                    148 S. W. 2d 1085

Opinion delivered March 10, 1941.

*T. B. Vance,* for appellant.

*H. M. Barney* and *Frank S. Quinn,* for appellee.

HOLT, J.   In 1933 appellee, Lincoln National Life Insurance Company, acquired title to fractional north one-half of the southeast quarter, 15-18-26, containing 48.94 acres. This land lies within the boundaries of the Garland Levee District in Miller county, Arkansas.

This property, having become delinquent for the levee tax assessments for the year 1931, was foreclosed by the levee district, a decree of foreclosure obtained, and the levee district acquired deed April 25, 1935, under the following description: "Pt. Frl. N½ of the SE¼, 15-18-26, 48.94 acres," the description used throughout this first foreclosure proceeding.

March 23, 1936, the Garland Levee District again filed suit in the Miller chancery court to foreclose delinquent levee assessments for the years 1932 and 1933 against this same land, describing it as the "Frl. N½ of the SE¼, 15-18-26, containing 48.94 acres." Under the decree of the court, sale of this land was made on June 13, 1936, and July 23, 1936, commissioner's deed was issued to the levee district.

October 7, 1936, the Garland Levee District sold and conveyed a part of this land, the "NW¼ of the SE¼, 15-18-26, 40 acres," to Nay Pratt, for $123.10, the deed reciting that this was the amount of taxes, penalties, interest, and costs, due to the district on the 40 acres thus conveyed for the years 1931 to 1935, inclusive.

November 10, 1936, Nay Pratt conveyed the said northwest quarter of the southeast quarter, 15-18-26, 40 acres, to appellant, J. R. Killian.

February 27, 1937, appellee, Lincoln National Life Insurance Company, filed petition in the Miller chancery court to redeem the northwest quarter of the southeast quarter, 15-18-26, 40 acres, the land conveyed by Pratt to appellant, Killian. This petition was styled Garland Levee District and Stuart Wilson, Receiver, v. Delinquent Lands, and was in the nature of an *ex parte* proceeding. Appellant Killian was not made a party and had no notice of the proceeding. At the time the petition was filed appellee, insurance company, deposited with the clerk of the court $130.24, which represented the $123.10 paid by Nay Pratt to the levee district as consideration for his deed, together with 10 per cent. interest thereon from the date of the deed until the redemption deposit was made.

On the same day this petition was filed, February 27, 1937, a hearing was had and the court decreed that appellee had the right to redeem the northwest quarter of the southeast quarter, 15-18-26, from the sale for delinquent levee district assessments February 28, 1935, and that the two-year redemption period had not expired, ordered the clerk to issue redemption receipt to appellee showing redemption of the land from the sale to Nay Pratt and that the redemption money, $130.24, be paid to Nay Pratt. It was further decreed that the deed from the levee district to Nay Pratt to the land be canceled and set aside.

November 12, 1938, appellant, J. R. Killian, filed suit in the Miller chancery court, in which he prayed that the decree of the court of February 27, 1937, be set aside for the reason that it was an *ex parte* proceeding of which he had no notice, and was not binding upon him.

Killian further alleged that appellee's offer to redeem was not sufficient because it did not offer to redeem the whole of the tract of land owned by it and that the amount deposited with the clerk of the chancery court to redeem was insufficient and prayed that his title to the northwest quarter of the southeast quarter, 15-18-26, acquired from Pratt, be quieted.

Appellee answered alleging ownership of the land, its redemption from the levee tax sales, and prayed that

the deed to Pratt and from Pratt to Killian, be canceled, that title be quieted in it, and for possession of the property.

January 30, 1939, by amended answer of appellee, Nay Pratt was made a party to the suit. Upon a trial the court found that the levee district's foreclosure sale of February 28, 1935, was void for insufficient and void description of the land sold, but that the sale for the delinquent taxes of 1932 and 1933 made on June 13, 1936, was made under a proper description and was a valid sale.

The court further found that appellee had properly redeemed the land in question within the two year redemption period allowed under the statute and entered an order quieting appellee's title to the property, granted possession, and directed that a writ of assistance issue to place it in possession thereof. This appeal followed.

The grounds upon which appellant relies for reversal are: That appellee did not go about redeeming the property in the proper manner, the contention being that appellee attempted to redeem by filing an *ex parte* petition in the Miller chancery court without giving appellant and the levee district notice thereof, and therefore the action of the court in that proceeding was not binding upon appellant; that appellee did not offer to redeem the whole of the tract of land owned by it; and that the amount deposited with the clerk of the court to redeem was insufficient.

It is obvious, we think, (as the parties seem to concede) that the first foreclosure sale of appellee's land in 1935 under the description "Pt. Frl. N½ of the SE¼, 15-18-26," was void for the reason that the description under which the foreclosure was had was insufficient and void.

This court has many times held that similar descriptions using the word "Pt." invalidates the description. It was so held in *Rhodes* v. *Covington,* 69 Ark. 357, 63 S. W. 799, and in the later case of *Northern Road Improvement District of Arkansas County* v. *Simmerman,* 188 Ark. 627, 67 S. W. 2d 197, where it is said: "It has been frequently and definitely decided that deed to a

tract of land described as 'pt.' or 'part of' has a void description, being void because of its indefiniteness. *Moore* v. *Jackson,* 164 Ark. 605, 262 S. W. 653; *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116; *Covington* v. *Berry,* 76 Ark. 460, 88 S. W. 1005; *Dickinson* v. *Ark. City Imp. Co.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Hewett* v. *Ozark White Lime Co.,* 120 Ark. 528, 180 S. W. 199.''

The second foreclosure proceeding in which the sale, to the levee district, of the land in question, was had on June 13, 1936, under the following description: ''Frl. N½ of the SE¼, 15-18-26,'' was a valid sale.

The deed of the levee district to Nay Pratt October 7, 1936, to 40 acres of this land under the following description: ''NW¼ of the SE¼, 15-18-26,'' conveyed good title to Pratt, but subject to appellee's right to redeem within a period of two years from the date of either of the sales to the levee district, and the tender was made within two years from the first sale.

Appellee deposited with the clerk of the Miller chancery court the amount necessary to redeem on February 27, 1937, well within the period of two years from the date of either sale, as provided by the act creating the Garland Levee District. Act 311 of 1913, as amended by act 56 of 1917, vol. 1, p. 235, § 7.

It appears that appellee attempted to redeem by filing an *ex parte* petition in the Miller chancery court, as indicated, *supra.* While this proceeding was not binding upon appellant for the reason that he was not made a party and had no notice, this procedure was unnecessary to effect redemption by appellee. Since the act creating the Garland Levee District provides no specific procedure for redemption, we must look to our general statute (§ 13890, Pope's Digest) which provides the method of redemption.

Section 13888, Pope's Digest, provides that ''all taxes or assessments levied on the real property in any . . . levee district . . . in this state, if not paid on or before the 10th day of April of the year in which same is due, . . . shall be delinquent . . .''

Section 13890 provides that "anyone desiring to redeem any of said delinquent lands, . . . shall apply to the clerk of the chancery court and upon the payment of the tax, penalty, interest and costs the said clerk shall issue a redemption certificate . . . and shall mark opposite said tract by whom redeemed and the date of such payment. . . ."

It is our view, therefore, that appellee by depositing the proper amount with the clerk (the amount necessary to pay the tax, penalty, interest and costs) within the statutory period of two years, perfected his right to redeem the property in question. Appellee was not required to notify anyone of this redemption payment to the clerk, nor as has been indicated, was any court proceeding necessary to effect redemption.

It will be observed that the deed of the levee district to Nay Pratt conveying the northwest quarter of the southeast quarter, 15-18-26, 40 acres, lacked 8.94 acres of conveying the district's title to all of the "Frl. N½ of the SE¼, 15-18-26." It appears that the levee district segregated this 40-acre tract sold to Nay Pratt and apportioned to it its proportionate part of the taxes, penalties, interest, and costs, of the amount assessed against the whole tract of 48.94 acres in ascertaining the amount of $123.10 which Pratt paid the district for his deed. This is a matter of which Killian may not complain as he is interested only in the northwest quarter of the southeast quarter, 15-18-26, and this is the land which the insurance company redeemed.

Redemption statutes should be construed liberally. *Wyatt* v. *Beard,* 179 Ark. 305, 15 S. W. 2d 990.

Here the record reflects that appellee deposited with the clerk of the court the amount Nay Pratt had paid the levee district for the land in question, together with interest from the time of the payment to the district until the deposit was made. We think appellee did all that was required of it when it deposited the amount required under the statute, to redeem from the sale by the district to Nay Pratt.

Pratt and his vendee, appellant, J. R. Killian, acquired this land with full notice and knowledge of all

rights of appellee, the owner, to redeem. Pratt could convey to appellant Killian no better title than he possessed.

Finding no error, the decree is affirmed.