Swanke, Appellant, vs. Oneida County, Respondent.*

*October 6—November 3, 1953.*

* Motion for rehearing denied, with $25 costs, on December 30, 1953.

94

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, attorneys, and *Walter F. Kaye* of Rhinelander of counsel, and oral argument by *Mr. Kaye*.

For the respondent there was a brief by *Albert J. Cirilli,* district attorney, and *Forest W. Rodd* of Rhinelander of counsel, and oral argument by *Mr. Rodd*.

CURRIE, J. All of the tax sale certificates upon which the three tax deeds were issued to the defendant county were for tax sales of 1935 or prior years. The crucial question presented on this appeal is whether the plaintiff's right of redemption was covered by the statutes as they existed at the time of the issuance of said tax sale certificates, or whether by such statutes as subsequently changed and amended.

The redemption rights of minor owners of lands sold for taxation were, at the time of issuance of such tax sale certificates, covered by secs. 75.03, 75.27, and 75.28, Stats., and no material change was made in such three statutes from the time of issuance of any of such certificates until ch. 453, Laws of 1939, was enacted by the 1939 legislature. Before said statutes were so amended in 1939, sec. 75.03, as it existed from the time of the issuance of the first of the tax sale certificates until the 1939 amendment, provided as follows:

"The lands of minors or any interest they may have in lands sold for taxes may be redeemed at any time before such minors come of age and during one year thereafter; . . ."

Sec. 75.27, Stats., during all of said period prior to the 1939 amendment, provided for a three-year statute of limitations on the part of the former owner, or any person claiming under him, to recover possession of any land which had been conveyed by tax deed, such three-year period being measured from the recording of the deed. However, sec. 75.28 (1) of

said statutes for said period prior to the 1939 amendment provided:

"The limitation for bringing actions as provided in section 75.27 shall not apply to any person who shall be a minor at the time the right of such action shall accrue, but such minor may bring such action or actions after the time limited at any time during his minority and within one year thereafter; nor shall such limitation . . . apply . . . where the land was redeemed from the operation of such sale as provided by law. . . ."

Ch. 453, Laws of 1939, amended sec. 75.03, Stats., so as to provide that the special period of redemption afforded to a minor by such statute applied only "if such lands were not sold for nonpayment of taxes for five or more consecutive years prior to or after" the acquisition of the lands by the minor. Two new subsections, numbered (2) and (3), to sec. 75.03, were also enacted by said ch. 453. Such newly created sub. (3) provided a method whereby the purchaser or owner of tax sale certificates for five or more consecutive years might foreclose the same against the owner, pursuant to sec. 75.19, if the amount of the certificates with interest, fees, and penalties exceeded the assessed value of such lands, and such subsection was made applicable against minor owners. Such chapter also amended sec. 75.28 (1) by adding to the portion of such section hereinbefore quoted the following words "unless the redemption rights of such minor have been foreclosed pursuant to sections 75.03 and 75.19." Ch. 453, Laws of 1939, contains no statement of any intention on the part of the legislature that the same was to have a retroactive effect as to any tax sale certificates theretofore issued upon lands owned by minors.

Thereafter, the 1945 legislature, by ch. 66, Laws of 1945, amended sec. 75.03 (3), Stats., so as to add a provision providing that the grantee of a tax deed might foreclose the redemption rights of a minor, idiot, or insane person, by

separate action, pursuant to sec. 75.19, and made the same applicable to tax deeds issued prior to the effective date of the amendment as well as thereafter. The two concluding sentences of said ch. 66 provided as follows:

"This subsection as amended in 1945 is retroactive January 1, 1946. The postponement of the effective date of the retroactive provision is to afford an opportunity to all persons having an interest in lands affected to redeem such lands from the lien of tax certificates prior to such effective date."

Then the 1949 legislature made changes in both secs. 75.27 and 75.28 (1), Stats., by enacting ch. 391, Laws of 1949. The amendment to sec. 75.27 is not material for the purposes of this decision. However, said ch. 391 amended sec. 75.28 (1) by eliminating therefrom the previous provision that the limitation of action imposed by sec. 75.27 should not apply to a minor, and which eliminated provision also gave a minor the right to bring action at any time during his minority and within one year thereafter. Such ch. 391 also provided that it was the legislative intent that the amendments contained therein "apply retroactively to all nonoutlawed tax certificates, or tax deeds heretofore as well as hereafter taken." Thus it was the plain intent of the legislature by these amendments contained in said ch. 391 to eliminate the previous special limitation in favor of minors and make the three-year statute of limitations applicable to all former owners, including minors, without exception.

However, the legislature must have soon realized that a statute, such as ch. 391, Laws of 1949, which shortened an existing limitation period and made the same retroactive to existing causes of action, would be unconstitutional and void unless a grace period were granted within which persons, whose causes of action would be immediately barred by such change in the statute of limitations, were afforded a reasonable time in which to commence their actions. Therefore, by

sub. 25a of ch. 634, Laws of 1949 (a "catchall" chapter to correct errors, supply omissions, and eliminate unnecessary, obsolete, or unconstitutional provisions "mostly in or caused by acts of the 1949 session of the legislature"), the legislature amended ch. 391, Laws of 1949, so as to provide that the same should take effect ninety days after its publication, which was July 2, 1949, in lieu of taking effect July 1, 1949, as originally provided.

Thus at the time of the issuance of the tax sale certificates, upon which the defendant county later took the three tax deeds in question in the instant case, the statutes afforded a minor owner, such as the plaintiff, the right to redeem at any time during his minority and within one year thereafter. By ch. 453, Laws of 1939, this special period of redemption granted to minors was limited by the legislature to apply only in cases in which the minor's lands were not sold for nonpayment of taxes for five or more consecutive years. If such change were retrospective in operation and not merely prospective, the plaintiff's right to redeem in the instant case would be barred thereby, unless such a retroactive enactment were to be held unconstitutional. However, inasmuch as said ch. 453, Laws of 1939, contained no expression of legislative intent that the same should be retrospective in operation this change must be held to be prospective only in effect so as not to affect the then existing rights of redemption of any minor owners.

61 C. J., Taxation, p. 1244, sec. 1689, states the general rule in this respect as follows:

". . . a statute abolishing, abridging, or enlarging the right of redemption or otherwise changing it will be construed, if possible, as prospective only or as saving existing rights, . . ."

In support of the foregoing rule see also *Harrington Co. v. Chopke* (1932), 110 N. J. Eq. 574, 160 Atl. 335; *Wittes*

*v. Repko* (1930), 107 N. J. Eq. 132, 151 Atl. 850; and *Blakemore v. Cooper* (1905), 15 N. Dak. 5, 106 N. W. 566, 125 Am. St. Rep. 574, 4 L. R. A. (N. S.) 1074.

2 Sutherland, Statutory Construction (3d ed.), p. 115, sec. 2201, states the general rule of statutory construction applicable to statutes generally with respect to their retrospective or prospective operation as follows:

"Retrospective operation is not favored by the courts, however, and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. The rule is the converse of the general principle that statutes are to operate prospectively. . . ."

Furthermore, as will be discussed shortly, there is a grave question of whether the change made in the redemption rights of minors by ch. 453, Laws of 1939, would be constitutional if given retroactive effect. This renders particularly pertinent the following statement made by the supreme court of Florida in *Bolles v. Dade County Croppers, Inc.* (1934), 114 Fla. 868, 870, 154 So. 848, 849:

"In construing a statute the courts should construe it not only in such manner as to avoid a construction that will render it unconstitutional, but should so construe it as to avoid grave doubts on the score of its constitutionality as construed."

A still further reason for holding the change in redemption rights of minors made by ch. 453, Laws of 1939, to be prospective only is the general rule that redemption statutes are to be liberally construed in favor of the landowner who seeks to redeem. *Killian v. Lincoln Nat. Life Ins. Co.* (1941), 201 Ark. 1137, 148 S. W. (2d) 1085; *Lowery v. Garfield County* (1949), 122 Mont. 571, 208 Pac. (2d) 478; and *Kinney v. Hoffman* (1949), 151 Ohio St. 517, 86 N. E. (2d) 774.

As previously mentioned herein, there would be a grave question as to the constitutionality of ch. 453, Laws of 1939, if it were to be construed as being retrospective in effect so as to shorten the redemption period of minor landowners as to tax sale certificates that were already existing at the time of such enactment. The authorities are divided on this point and we find it unnecessary to pass thereon because of so construing said chapter as being prospective only in operation. However, for authorities on this question see 61 C. J., Taxation, p. 1243, sec. 1689; 2 Blackwell, Tax Titles (5th ed.), p. 684, sec. 729; Anno. 147 A. L. R. 1123; *Lockie v. Hammerstrom* (1936), 222 Iowa, 451, 269 N. W. 507; *Baker v. State Land Office Board* (1940), 294 Mich. 587, 293 N. W. 763; *Cole v. Lamm* (1900), 81 Minn. 463, 84 N. W. 329; *Moody v. Hoskins* (1887), 64 Miss. 468, 1 So. 622; and *Rodgers v. Cressman* (1925), 98 N. J. Eq. 209, 130 Atl. 17. Some authorities, which hold that a statute that shortens the redemption period is constitutional, condition such holding upon a reasonable grace period being afforded to the former owner to redeem before the new statute is operative. Ch. 453, Laws of 1939, provided for no such grace period.

This court apparently has never directly passed on the question of whether a retroactive statute shortening the period of redemption for a tax sale would be constitutional. The cases of *Robinson v. Howe* (1861), 13 Wis. *341, and *Lombard v. Antioch College* (1884), 60 Wis. 459, 19 N. W. 367, touch upon the problem, and apparently reach opposite conclusions.

In *Robinson v. Howe, supra,* Mr. Justice PAINE, by way of dictum, states (p. *346) :

"So far as his right of redemption was concerned, it was not derived from any contract, but was given by the law only, and the time within which he might exercise it might be shortened by the legislature, provided a reasonable time was

left in which to exercise it, without impairing the obligation of any contract."

However, in *Lombard v. Antioch College, supra,* this court was called upon to pass upon a retroactive statute which imposed interest at the rate of 25 per cent per annum as a condition precedent to the former owner redeeming his lands from tax sale, and held such provision to be invalid, apparently on the theory that it amounted to the taking of property without due process of law. There would seem to be a close analogy between shortening the period of redemption and making redemption more burdensome by increasing the rate of interest that must be paid on the unpaid taxes as a condition precedent to redemption. In its opinion in that case the court stated (p. 473) :

"If a burden of this kind can be imposed upon the owner of real estate by a retroactive statute, then there would be no limit to the power of the legislature, and they might require the payment of such a percentage of interest upon the taxes paid as to work a complete forfeiture of his estate. It needs no argument or citation of authority to show that the legislature has no power to impose such a penalty for the nonpayment of taxes to take effect retrospectively."

The change made by the legislature in sec. 75.03, Stats., by ch. 66, Laws of 1945, gave the holder of a tax deed, which had been issued upon tax sale certificates where there had been five or more consecutive years of nonpayment of taxes by the former owner of the premises, the right to foreclose the redemption interest of a minor or insane person. However, an express provision was inserted in ch. 66, giving the same retroactive effect but affording a grace period to minors and insane persons, whose rights would be adversely affected by such enactment, in which to redeem. Such grace period extended from April 24, 1945 (the date said chapter was published), to January 1, 1946. There was no attempt, how-

ever, by the defendant county to make use of such foreclosure method provided by ch. 66, Laws of 1945.

Therefore, as the statute stood at the time that the 1949 legislature enacted ch. 391, Laws of 1949, a minor owner, such as the plaintiff, had the right to redeem at any time during minority and for the period of one year thereafter, subject to the right of the county, as owner of the tax deeds, to have commenced an action to foreclose the redemption rights of plaintiff as granted by ch. 66, Laws of 1945, which right of foreclosure the county has never attempted to exercise.

Ch. 391, Laws of 1949, does not directly provide for any shortening of the redemption period afforded minors in which to redeem their lands from tax sale certificates or tax deeds. This chapter does shorten the period of limitation in which a minor owner might bring an action for the recovery of his lands from the grantee under a tax deed, or one claiming under such grantee, by providing a uniform three-year period of limitations for all classes of owners. However, the previous existing provision of sec. 75.28 (1), Stats., which provided that the limitation period of sec. 75.27 should not apply where the land was redeemed as provided by law, was left untouched. Inasmuch as the plaintiff, before commencing the instant action, had tendered to the county all the delinquent taxes, interest, penalties, and fees necessary for redemption, and had made a demand for redemption (which tender and demand were made within one year after coming of age), there was a proper redemption by plaintiff. Therefore, the provisions of sec. 75.27 as amended by ch. 391, Laws of 1949, had no application and plaintiff's cause of action was not barred thereby.

It is clear under the prior decisions of this court, that the fact that the defendant county held tax deeds instead of tax sale certificates, would not bar a minor owner from redeeming within one year after becoming of age. *Wright v. Wing*

(1864), 18 Wis. *45; and *Hoffman v. Peterson* (1905), 123 Wis. 632, 637, 102 N. W. 47.

The learned trial court held that plaintiff was barred from prosecuting the within action by the three-year statute of limitations imposed by sec. 75.27, Stats., thus giving effect to the change made in sec. 75.28 (1) by ch. 391, Laws of 1949. In his memorandum opinion the trial court concedes that the effect of ch. 391, Laws of 1949, was to shorten the previous period of limitation applying to minors, and that a statute which so shortens the period of limitation as to an existing cause of action without leaving a reasonable time thereafter in which to bring such existing action is unconstitutional and void. In such memorandum opinion 12 Am. Jur., Constitutional Law, p. 90, sec. 445, is quoted as follows:

"The question as to what shall be considered a reasonable time within which an existing right must be asserted after a new statute of limitations is enacted before the statute will bar the right is for the determination of the legislature, and is in no sense a judicial question. Unless the time allowed is so manifestly insufficient that it becomes a denial of justice, the court will not interfere with the legislative discretion."

This same rule was set forth in the early Wisconsin case of *Smith v. Packard* (1860), 12 Wis. *371, *372, as follows:

"The authorities seem fully to establish the rule that where mere inchoate rights are concerned, depending for their original existence on the law itself, they are subject to be abridged or modified by law, and that statutes of this character apply to such rights existing at the time of their passage, provided a reasonable time is left after the passage of the act, and before it would operate as a bar, for the party to exercise the right."

As previously pointed out herein, ch. 391, Laws of 1949, as originally passed violated this rule by affording no grace

period at all to minors in which to prosecute actions to recover their lands from a grantee under a tax deed (or one claiming under such a grantee) in those cases in which such causes of action would be barred by the new three-year limitation period. To correct this the legislature adopted sec. 25a of ch. 634, Laws of 1949, which postponed the taking effect of said ch. 391, until ninety days after the publication of ch. 391. The publication date of ch. 391 was July 2, 1949. However, a minor affected by the act would not be deemed to have received notice of the ninety-day grace period, afforded him in which to bring his action, until the publication of ch. 634 which occurred on August 12, 1949. By that time forty-one of the ninety days had already expired so that the actual grace period granted was not ninety days but only forty-nine days.

Whether forty-nine days constitutes a reasonable period, in which minor landowners, such as plaintiff, might institute their actions, presents a close question. In *Hayes v. Douglas County* (1896), 92 Wis. 429, 446, 65 N. W. 482, this court stated:

"No absolute rule can be laid down as to what length of time will be deemed reasonable for the government of all cases alike. Different circumstances require different rules. What would be reasonable in one class of cases would be entirely unreasonable in another. *Wheeler v. Jackson,* 137 U. S. 245, 255."

For other authorities bearing on this point see the able opinion by Circuit Judge WILLIS VAN DEVANTER (later justice of the United States supreme court) in *Lamb v. Powder River Live Stock Co.* (8th Cir. 1904), 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558; and also 12 C. J., Constitutional Law, p. 979, sec. 574, and footnotes 99 and 2 (b); 16 C. J. S., Constitutional Law, p. 683, sec. 266.

Inasmuch as we have concluded that the limitation imposed by sec. 75.27, Stats., as amended in 1949, has no application to plaintiff's cause of action, because of the provision in sec. 75.28 (1), as amended, that said limitation does not apply where the land has been redeemed, we find it unnecessary to determine whether the forty-nine-day grace period afforded by ch. 391, Laws of 1949, as amended by sec. 25a of ch. 634, Laws of 1949, constitutes a reasonable time for the purpose intended.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

The following opinion was filed December 30, 1953:

CURRIE, J. (*on motion for rehearing*). The respondent county insists in its brief filed in support of its motion for rehearing that plaintiff's cause of action is barred by sec. 75.27, Stats., as amended by ch. 391, Laws of 1949. However, the period within which a former owner is permitted to redeem from tax sale is prescribed by secs. 75.01 and 75.03, and not by sec. 75.27. (At page 94 of our original opinion we erroneously included sec. 75.27 as being one of the sections governing redemption rights of a minor owner. It was counsel for defendant county who contended that sec. 75.27 was applicable thus making it necessary for us to consider such statute and its history.)

Sec. 75.28, Stats., has at all times material to this appeal contained a provision stating that the limitation period imposed by sec. 75.27 does not apply where the land has been redeemed *"as provided by law."* The gist of our original opinion is that these words *"as provided by law"* in the case at bar refer to the provisions of sec. 75.03 prescribing the rights of minors to redeem, as such statute stood at the time the tax sale certificates were issued upon which the tax deeds to the defendant county were based.

Minors, idiots, and insane persons, unlike other classes of owners, in some instances may have the right to redeem after the issuance of a tax deed. If a county wrongfully refuses such right of redemption after the issuance of a tax deed, making it necessary for the former owner, as in the instant case, to institute an action to compel redemption, the limitation period of sec. 75.27, Stats., has no application thereto because of the exception contained in sec. 75.28.

The limitation period imposed by sec. 75.27, Stats., has reference to a cause of action by a former owner out of possession to recover possession after issuance and recording of a tax deed, such action being grounded upon some defect in the tax sale proceedings, or in the subsequent procedure followed in issuing the tax deed, which renders the tax deed voidable during such limitation period. In *Carroll v. Richland County* (1953), 264 Wis. 96, 99, 58 N. W. (2d) 434, we referred to such deed being "void at the demand" of the former owners, meaning thereby that it was voidable during the limitation period if the former owners took appropriate action during said period to recover possession.

*By the Court.*—Motion for rehearing denied with costs.