Request of Senate,
No. 4578.

OPINION OF THE JUSTICES.

Submitted March 25, 1957.

Answer returned April 10, 1957.

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answer to the inquiry contained in your resolution filed March 18, 1957, with reference to Senate Bill No. 80, as amended, entitled, "An Act relating to the expiration of void mortgages."

Section 1 of the amended Senate Bill provides: "All mortgages of real estate which shall have been on record for a period of

forty years or over are void, provided, however, that a mortgagee or the assignee of a mortgage may continue the same in its full legal effect and priority by rerecording the same at any time within said forty-year period. This section shall not apply to mortgages held by banks, trust companies, and building and loan associations."

The concluding section (section 2) provides that the act "shall take effect January 1, 1960."

The proposed bill would invalidate mortgages which have been recorded for a period of forty years unless the holder of the mortgage rerecords it within the forty-year period. The bill applies to existing mortgages as well as those that may be recorded in the future. Legislation having a similar purpose, although of broader scope, has been enacted in several states. IV American Law of Property, s. 18.96. Statutes of limitation barring ancient mortgages proceed on the theory that free alienability of land is a major goal of modern real property law. Basye, Clearing Land Titles, ss. 71, 76 (1953). Since many ancient mortgages have not been discharged of record, they subsist as a cloud on the title long after the debts which they secure have become barred. 2 Glenn, Mortgages, s. 141 (1943). "That a mortgage given and maturing nearly a century ago may still impair marketability of the land on which it was given is dramatically illustrated by *Marshall* v. *Francis*, 332 Mass. 282 . . . (1954), noted in 25 Boston Bar Bull. 295 (1954), in which a mortgage executed in 1863 payable in 1867 for $350 on which $300 was thereafter paid and was held to have potential vitality in 1954 so as to preclude registration of the land free from the mortgage notwithstanding that several intervening deeds and mortgages made no mention of it." Basye, *supra, s.* 71 (1956 supp.).

A statute requiring the recording of all deeds previously executed to entitle them to priority was upheld at an early date. *Jackson* v. *Lamphire*, 3 Pet. (U. S.) 280. In *Vance* v. *Vance*, 108 U. S. 514, legislation was upheld requiring the holders of previously existing mortgages to record them in order to preserve their validity against creditors of the mortgagor. A more recent view of the constitutional aspects of statutes of limitation is found in *Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304, 314: "Statutes of limitation find their justification in necessity and convenience rather than in logic . . . They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being

put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost."

Article 23rd of the New Hampshire Bill of Rights prohibits retrospective laws. This constitutional provision, however, does not apply to statutes which affect the remedy only, provided that they do not do so in a way which is injurious, oppressive or unjust. *Simpson* v. *Savings Bank*, 56 N. H. 466; *Wallace* v. *Stearns*, 96 N. H. 367, 369; *Bourque* v. *Adams*, 93 N. H. 257, 259. The proposed bill does not make it clear that in order to preserve their validity a reasonable period of time is to be afforded in which to rerecord all mortgages, including any which may have been on record for forty years or more at the time of the adoption of the bill. This is a usual requirement to the validity of such legislation. *Wheeler* v. *Jackson*, 137 U. S. 245. See *Swanke* v. *Oneida County*, 265 Wis. 92.

Consequently if the bill is to be enacted it should specifically provide that any mortgagee, regardless of the length of time that his mortgage has been on record, shall be given a reasonable period of time in which to rerecord it. Section 2 of the act, which provides that it takes effect in 1960, may have been intended to do this but it is contrary to the provisions of section 1 as applied to mortgages which now have been on record more than forty years. If such reasonable period is provided in the act, we conclude that it will not be in violation of our Constitution. *Cf. King* v. *Association*, 100 N. H. 212, 218.

Accordingly, you are advised that Senate Bill No. 80 in its present form would be unconstitutional but if further amended in accordance with this opinion would be constitutional. Scurlock, Retroactive Legislation Affecting Interests in Land, 73-80 (1953). See anno. 133 A. L. R. 1325.

FRANK R. KENISON,
LAURENCE I. DUNCAN,
AMOS N. BLANDIN, JR.,
EDWARD J. LAMPRON.

April 10, 1957.

Richard F. Upton as *amicus curiae*.