KEVIN J. KELLEY, District Attorney, Forest County
A situation exists in Forest County where a person is attempting to redeem land more than three years after the date of a tax sale, but prior to the issuance and recording of a tax deed. You have asked if the interested person is barred from redeeming the property because the redemption has been tendered more than three years from the date of the tax sale.
Although it might appear that secs. 74.46 and 75.01 (1), Stats., are in conflict, I am of the opinion that they are not.
Section 74.46, Stats., sets forth the statutory form of the certificate of sale to be issued by the county treasurer. This form includes language which specifies that the purchaser, his heirs or *Page 593 
assigns, will be entitled to a deed of conveyance in three years from the date of the certificate.
Section 74.46 and sec. 75.14 (1), Stats., are laws pari materia
and must be construed with reference to each other. Section 75.14
(1) provides in pertinent part:
 "If any land sold for non-payment of taxes shall not be redeemed as aforesaid, the city or village treasurer or county clerk shall, after the expiration of the time prescribed by law for the redemption thereof, on presentation to him of the certificate of sale and proof of service of notice, execute . . . a deed of the land so remaining unredeemed, . . . and [it] may be recorded with the like effect as other conveyances of land." (Emphasis added)
The provisions of sec. 75.14 (1), Stats., are mandatory and the county clerk has no discretion when the requirements mentioned in that subsection are complied with. See 19 OAG 250 (1930). The mandatory execution of the tax deed is, of course, conditioned upon the initiative of the holder of the tax certificate in that he must present to the appropriate official the certificate of such sale and proof of service of notice.
I am of the opinion that secs. 74.46 and 75.14 (1), Stats., respectively specify when the holder of a tax certificate is eligible to receive a tax deed, and upon what conditions the appropriate official must execute a deed conveying the land described in the certificate to its holder.
From the facts presented, I presume that the holder of the certificate in this instance has not presented it to the county clerk and, therefore, the only question is whether or not the interested party may redeem the property more than three years after the tax sale.
I call your attention to 58 OAG 39 (1969), where at page 40 it provides:
 "The period within which the former owner is permitted to redeem from tax sale is prescribed by secs. 75.01, 75.03, Stats. Swanke v. Oneida County, (1953) 265 Wis. 92, 60 N.W.2d 756." *Page 594 
Neither statutory provision places a time restriction on when redemption can be accomplished.
If the holder of the tax certificate has not presented the tax sale certificate, then the interested party may redeem the land in question.
VAM:MEP