ROBERT P. RUSSELL., Corporation County Milwaukee County
You have asked my opinion as to what records maintained in the office of the register in probate are closed to public inspection by virtue of secs. 880.33 (6) and 55.06 (17). Stats., as amended by *Page 131 
ch. 393, Laws of 1975. For the reasons given below, sec. 880.33 (6) closes access by the public only to records containing actual documents filed with respect to ch. 880 proceedings. Section55.06 (17) requires closing of public access to all records including index, docket and documents filed with respect to ch. 55 proceedings.
I. Sec. 880.33 (6), Stats.
In general, ch. 880 provides for the possible appointment of a guardian for minors, incompetents and spendthrifts upon the filing of a petition and a court hearing. Section 880.33 (6), Stats., provides:
 "All court records pertinent to the finding of incompetency are closed but subject to access as provided in s. 55.06 (17)."
Different counties in the state may have slightly different methods of maintaining court records of proceedings pursuant to ch. 880. However, pursuant to sec. 253.32, Stats., such records generally include: (1) an alphabetical index of names of proposed wards, (2) a docket containing a list of all documents filed with the register of probate and (3) a file containing the documents themselves.
In my opinion, only the file containing the documents themselves are "records pertinent to the finding of incompetency." Only the documents themselves provide information which the court uses to find that an individual is "substantially incapable of managing his property or caring for himself by reason of infirmities of aging, developmental disabilities, or other like incapacities" (sec. 880.01 (4), Stats.). The index and docket are not pertinent to the court's consideration.
I believe such a strict interpretation of sec. 880.33, Stats., is consistent with the public policy expressed in sec. 19.21, et seq., Stats., as described in Beckon v. Emery, 36 Wis.2d 510,518, 153 N.W.2d 501 (1967):
 ". . . there is an absolute right to inspect a public document in the absence of specifically stated sufficient reasons to the contrary. . . . "
II. Sec. 55.06 (17), Stats.
In general ch. 55, Stats., provides for protective service for those who because of the infirmities of age, mental retardation or other developmental disabilities or like incapacities are impaired in their *Page 132 
ability to adequately provide for their own care or custody. Such protective service may include protective placement which is accomplished pursuant to see. 55.06, Stats. In pertinent part, see. 55.06 provides:
 "(1) . . . No protective placement may be ordered unless there is a determination of incompetency in accordance with ch. 880, except in the case of a minor who is alleged to be developmentally disabled, and there is a finding of a need for protective placement in accordance with sub. (2) . . .
"***
 "(2) The department, an agency, a guardian or any interested person may petition the county court to provide protective placement for an individual who:"
In common practice, findings of incompetency under ch. 880 and a need for protective placement under sec. 55.06, Stats., are made at one court hearing.
Finally sec. 55.06 (17), Stats., provides:
 "Any records of the department, court or other agency pertaining to a person who is protected under this chapter or for whom application has ever been made for such protection are not open to public inspection. Information contained in such records may not be disclosed publicly in such a manner as to identify individuals, but the record shall be available on application for cause to persons approved by the court or at the request of a guardian, ward or attorney of a ward. Reports under sub. (8) (C) shall be provided to the guardian or proposed ward, the guardian ad litem and the attorney of a ward upon request."
The language used in sec. 55.06 (17) is different than that used in see. 880.33 (6). Section 55.06 (17) forbids the disclosure of any record "pertaining to a person who is protected under this chapter or for whom application has ever been made for such protection" (emphasis supplied). By contrast, sec. 880.33
(6), Stats., forbids disclosure of records pertinent to the finding of incompetency.
In my opinion see. 55.06 (17), Stats., requires the closing of all three types of records outlined above: the index, the docket and the *Page 133 
documents file. All three pertain to the individual by identifying him in the index, by listing documents filed with reference to the court's determination of his needs and dates of court action and by preserving the documents filed with respect to his hearing.
Although I have opined that the index and docket of hearings conducted pursuant to ch. 880 may be open to the public, if such records also include information pertaining to hearings conducted pursuant to ch. 55, the index and docket must then be closed.
In State ex rel. Youmans v. Owens, 28 Wis.2d 672, 681,137 N.W.2d 470 (1965), the court commented on the public's right to open records as reflected in common law:
 ". . . the right to inspect public documents and records at common law is not absolute. There may be situations where the harm done to the public interest may outweigh the right of a member of the public to have access to particular public records or documents. Thus, the one must be balanced against the other in determining whether to permit inspection. . . ."
It is my opinion that the Legislature has balanced these interests and, in closing all court records, has given more weight to the interest of the individual protected under ch. 55 than to the interest of the public.
III. Date of effectiveness of secs. 880.33 (6) and 55.06 (17), Stats.
The general rule of statutory construction with respect to the retroactive or prospective operation of statutes was stated inSwanke v. Oneida County, 265 Wis. 92, 99, 60 N.W.2d 756,62 N.W.2d 7 (1953):
 "`. . . a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. The rule is the converse of the general principle that statutes are to operate prospectively. . . ."'
Section 55.06 (17), Stats., provides for the closing of:
 "Any records of the department, court or other agency pertaining to a person who is protected under this chapter or for whom application has ever been
made for such protection . . . ." (Emphasis supplied.) *Page 134 
In my opinion, the reference to persons for whom application has ever been made is express language indicating a legislative intent that the statute be given retroactive effect to the effective date of ch. 284, Laws of 1973, which created ch. 55, Protective Services.
Section 880.33 (6), Stats., contains no such similar language. Therefore, it is my opinion that sec. 880.33 (6) should be given prospective effect only. Changes in recording required by this section need only be made with respect to proceedings commenced on or after June 9, 1976.
I am troubled by the practical effect of this opinion on bondsmen and title examiners for abstract and title insurance companies. While the conclusion stated seems inescapable, the harsh result on bondsmen and title examiners who need access to the index and docket of ch. 55 proceedings could be alleviated by having the court give blanket approval under sec. 55.06 (17), Stats., to title examiners and bondsmen. The clerks of court could be instructed to treat requests for access by these persons as "applications for cause." I would hope that the Legislature would reconsider both sec. 880.33 (6) and sec. 55.06 (17) at the next opportunity.
BCL:WHW