DAVID H. RAIHLE, Corporation Counsel Chippewa County
You have asked several questions relating to access to certain public records and the fees which the register in probate and the clerk of court may charge for providing such access.
Your first question concerns the alphabetical index of court records which the register in probate is required to maintain pursuant to section 851.72(5), Stats. You indicate that this index "contains matters that are closed by the restrictions of880.33(6) and Chapter 55." I have been informed that currently in Chippewa County a single unified index includes probate records, the names of people who have been placed under protective services and the names of people who have been found incompetent. Specifically you ask: "Pursuant to the open records law, does the public have access to the alphabetical index which contains closed matters?"
In my opinion, the public should have access to the alphabetical index which the register in probate is required to maintain pursuant to section 851.72. Those matters which are not accessible by the public because of sections 55.06(17)(a) and880.33(6) should not be maintained in the alphabetical index.
Section 59.14(1) provides that the register in probate must allow public inspection of all books and papers which are required to be *Page 17 
maintained in that office. This section grants "`an absolute right of inspection subject only to reasonable administrative regulations . . . .'" State ex rel. Bilder v. Delavan Tp.,112 Wis.2d 539, 553, 334 N.W.2d 252 (1983). The court in Bilder
recognized an exception to this rule where there is a countervailing statute. Sections 55.06(17)(a) and 880.33(6), however, are not countervailing statutes because they provide exceptions for court records but not for indices to court records. The alphabetical index which the register in probate is required to maintain pursuant to section 851.72(5) must therefore be accessible.
Similarly, the Wisconsin public records law declares a "presumption of complete public access . . . ." Sec. 19.31, Stats. The Legislature has recognized as a matter of public policy that there are areas where countervailing interests override the public interest in access to public records. Sections 55.06(17)(a) and 880.33(6), however, once again only restrict access to the court records and not to the index to the court records.
Chapter 55 provides for protective services for people in need of such services such as the developmentally disabled, the chronically mentally ill and the mentally retarded. Section55.06(17)(a) provides: "Any records of the court pertaining to protective services or placement proceedings . . . are not open to public inspection . . . ." The statute provides exceptions for the subject of the proceedings, for the subject's guardian, attorney and guardian ad litem, and for other persons with the consent of the subject or by court order.
Section 880.33 describes the procedures to be used in determining incompetency. Section 880.33(6) provides: "All courtrecords pertinent to the finding of incompetency are closed but subject to access as provided in s. 55.06(17). The fact that a person has been found incompetent is accessible to any person who demonstrates to the custodian of the records a need for that information."
The alphabetical index required by section 851.72(5) is not a court record. Section 851.72(5) requires that the register in probate "[k]eep an alphabetical index to the court record and the file containing the original documents or microfilm copies thereof." Because the index is not a part of the court record, sections 55.06(17)(a) and 880.33(6) do not prevent public access to the alphabetical index. The alphabetical index should not, however, disclose the results of incompetency *Page 18 
or protective services proceedings. The alphabetical index can only inform the user where such information is located.
My answer is guided by a previous opinion and the legislative history of the statutes following that opinion. In 1978 I stated that under the former public records law, section 19.21, et.seq., and under former section 880.33(6), an alphabetical index of names of proposed wards and a docket containing a list of all documents filed with the register of probate in Milwaukee County were open to public inspection because they were not court records pertinent to the finding of incompetency. 67 Op. Att'y Gen. 130 (1978). In contrast, I said that under the former section 55.06(17) there could be no public access to an index of persons placed under protective services because the statute at that time forbad disclosure of "[a]ny records of the department, court, or other agency pertaining to a person who is protected under this chapter . . . ."
The Legislature responded by adding the second sentence of section 880.33(6) and by amending section 55.06(17). Ch. 379, Laws of 1981. By amending section 880.33(6), the Legislature allowed limited access to the fact that a person had been found incompetent to those people who showed a need for the information. The alphabetical index, therefore, should not disclose the results of an incompetency proceeding. A person desiring this information must demonstrate a need for the information.
The change in section 55.06(17)(a) has broadened access for records under the protective service system. The section now only bars access to "court records pertaining to protective services or placement proceedings" rather than to "any records of the department, court or agency pertaining to a person who is protected . . . ." The index to these records is thus no longer protected from public access.
The alphabetical index which the register in probate must maintain pursuant to section 851.72(5) is therefore not a court record and is thus open to public access under sections 59.14(1) and 19.31. The index may not however contain results of proceedings held under chapters 55 and 880. The most a person searching the index would be able to determine is that such a proceeding occurred. He or she can then find out further information only if he or she fits under an *Page 19 
exception listed in section 55.06(17) or by demonstrating a need for that information under section 880.33(6).
Your second question asks: "If the public has no access to the alphabetical index and the Register in Probate locates the case number for a party, does the search fee provided by Wis. Stat.814.66(1)(j) of $4.00 apply?"
In my opinion, the search fee does not apply. As discussed above, the public has complete access to the alphabetical index by virtue of sections 59.14(1) and 19.31. The fee imposed by section 814.66(1)(j) is applicable only when a person fails to furnish the docket or file number or when a search is conducted to ascertain the existence or non-existence of a record.
Your third and fourth questions concern the application of sections 814.66(1)(g) and (h) and 814.61(5)(a) and (10), which provide fees to be charged by the register in probate and the clerk of court respectively for issuing certificates and for providing copies. Specifically you ask:
 When a party secures a certified copy from the Register in Probate of a court record, should the Register charge $3.00 for certifying and the $1.00 for either comparing or copying? In effect, is the cost of one certified page $4.00?
. . . .
 When the Clerk certifies a copy, should she charge the $3.00 under (5)(a), $1.00 under (10), or the combination of the two for a total charge of $4.00 per copy?
In my opinion, the cost of a one page certified copy in both situations is $4.00. Section 814.66(1)(g) provides that the register in probate shall collect $3.00 for each certificate issued. This fee is an initial fee for certifying the document. Section 814.66(1)(h) imposes an additional $1.00 per page charge for "copies, certified or otherwise." The fee for a one page certified copy would thus be $4.00 and the fee for a two page certified copy would be $5.00.
Similarly, section 814.61(5)(a) provides that the clerk of court shall collect a fee of $3.00 for issuing certificates. This fee is the initial fee for certifying the document. Section814.61(10) provides that the clerk shall collect a $1.00 per page fee "[f]or copies, certified or otherwise . . . ." As in section814.66, the $1.00 per page charge is *Page 20 
added to the initial $3.00 certifying fee. Thus, the fee for a one page certified copy is once again $4.00 and for a two page certified copy is once again $5.00.
BCL:WHW