ESTATE OF NELSON: DUNCAN, Respondent, vs. HOGIE, Appellant.

*April 7—May 4, 1954.*

For the appellant there was a brief and oral argument by *Gene J. Fleming,* attorney, and *Richard W. Bardwell* of counsel, both of Madison.

For the respondent there was a brief by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and oral argument by *Myron R. Stevens* and by *Palmer E. Henderson* of Stoughton.

BROWN, J. The statutes under which this controversy must be determined are those in effect at the date of Mr. Nelson's death. Those material to the question before the court are:

"237.04 *Descent as to adopted persons.* The right of descent from and to an adopted person shall be as prescribed in section 322.07."

"322.07 *Effect of adoption.* (1) Except as otherwise provided in this section, the effect of the order of adoption is to completely change the legal status of the adopted person from that of a child of the natural parents to that of a child of the adoptive parents; and to free the adopted person from all legal obligations to or on account of the natural parents, and *vice versa.*"

"237.01 (3) If the intestate leave no lawful issue nor widow nor widower nor father nor mother the estate shall descend in equal shares to the intestate's brothers and sisters and to the lineal descendants of any deceased brother or sister by right of representation."

"238.13 *Rights of issue of deceased legatee.* When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

These were the statutes which we had before us when we decided *Estate of Holcombe* (1951), 259 Wis. 642, 49 N. W. (2d) 914. That deceased died testate. Her will provided a legacy to one Nellie Curtis, who had predeceased the testatrix leaving an adopted son who claimed his adoptive mother's legacy under the aforesaid sec. 238.13, Stats. We determined that sec. 322.07, *supra*, gave him the same status as a natural-born child, wherefore he took the legacy provided for his deceased adoptive mother as such mother's issue by virtue of sec. 238.13, citing also *Will of Griffiths* (1920), 172 Wis. 630, 179 N. W. 768.

*Estate of Holcombe, supra,* dealt with legacies governed by sec. 238.13, Stats., while the case at bar deals with intestacies in which the descent of property is governed by sec. 237.01 (3). As we held in *Estate of Holcombe, supra,* that sec. 322.07 gave the adopted person the status of issue of his adoptive parent, so now we must consistently hold that the same statute gives him the status of that parent's lineal descendant. If he is issue he must be a lineal descendant. No other construction can be placed upon the clear and unambiguous statutory words that "the effect of the order of adoption is to completely change the legal status of the adopted person from that of a child of the natural parents to that of a child of the adoptive parents," with specific statutory exceptions not material here.

Respondent refers us to *Estate of Bradley* (1925), 185 Wis. 393, 201 N. W. 973, and *Estate of Matzke* (1947), 250 Wis. 204, 26 N. W. (2d) 659, in which the facts are similar to those in the present case and in which we decided that the adopted child was not an heir of his adoptive parent's brother or sister. The language of sec. 322.07, Stats., in effect at those times was quite different from the language of the statute at the date of Mr. Nelson's death. Respondent urges that the precedents of these earlier decisions should be followed in construing the present sec. 322.07. But in the *Holcombe*

*Case, supra,* we have construed the very statute with which we are now concerned, and that construction must now prevail over an earlier construction of a statute differently worded.

There is nothing in the plain language of sec. 322.07 (1), Stats., whereby its meaning may vary depending on whether the deceased died testate or intestate, so that in the one case the adopted child is the equivalent of a natural child and in the other he is a stranger. Accordingly, following *Estate of Holcombe, supra,* we hold that the applicable statutes give the appellant the inheritance rights in Mr. Nelson's estate which her adoptive mother would have had in case such mother had survived Nelson.

*By the Court.*—Judgment reversed and cause remanded with directions to enter an order determining heirship consistent with the opinion.