**Loretta JOHNSON, on Behalf of Dennis BRYANT, Plaintiff**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant**

No. 84–CV–4053–DT.

United States District Court, E.D. Michigan, S.D.

June 12, 1985.

Jack A. Nolish, Southfield, Mich., for plaintiff.

Ronald W. Rice, Detroit, Mich., for defendant.

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S COMPLAINT

La PLATA, District Judge.

On October 4, 1982, Plaintiff, Loretta Johnson, filed a Complaint in this Court, under 42 U.S.C. § 405(a), seeking review of a final decision of Defendant, Secretary of Health and Human Services, which denied Plaintiff's application for child's insurance benefits under the Social Security Act. The Administrative Law Judge (ALJ) held that the claimant, Dennis Bryant, a posthumous, illegitimate child, was not entitled to social security benefits. On July 31, 1984, the Appeals Council affirmed the decision of ALJ.

At the administrative hearing, held on September 15, 1983, Plaintiff testified that the claimant was born on August 30, 1971, seven months after the death of the wage earner and putative father, Dennis Hicks. Plaintiff claimed that Hicks was responsible for her pregnancy. She also testified that when she and Hicks discovered that she was pregnant, they planned to marry sometime before the child's anticipated birthdate.

Prior to and after Johnson's pregnancy was discovered, Hicks transported her to and from high school and visited her at her parents' home, both on a daily basis. On January 25, 1971, more than seven months before the claimant was born, Hicks was fatally shot in Hamtramck, Michigan. No evidence was presented that Hicks provided any support to Johnson or the claimant.

The ALJ specifically found that Hicks was the biological father of the child. Nevertheless, he held that the claimant was not entitled to child's survivors benefits, since the evidence failed to establish the second of the two-prong test for an illegitimate child.

The issue before the ALJ was whether the claimant was a "child" of the deceased wage earner so as to be entitled to child's survivor benefits under 42 U.S.C. § 402(d)(1). Pursuant to 42 U.S.C. § 402(d)(1)(C)(ii), a child of an insured deceased individual is entitled to child's insurance benefits if the child was dependent upon the insured at the time of the latter's death. While a legitimate child is presumed to be dependent upon his natural parents, an illegitimate child must satisfy one or more additional qualifying provisions in 42 U.S.C. § 402(d)(3) and 416(h).

An illegitimate child shall be deemed to be the legitimate child of an insured under the Social Security Act if the insured had either (1) acknowledged paternity of the child in writing; (2) been decreed by a court to be the father of the child; or (3) been ordered by a court to contribute to the child's support. Additionally, one may be deemed to be the child of a deceased insured individual under the following circumstances:

"Such insured individual is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died." 42 U.S.C. § 416(h)(3)(C)(ii).

In his findings of fact, the ALJ determined that the first tier of the foregoing standard was satisfied, as substantial evidence was adduced showing Hicks to be the biological father of the claimant. On the basis that the decedent neither lived with the Plaintiff nor contributed to the support of either the Plaintiff or the

claimant prior to his death, the ALJ denied the application for child's insurance benefits.

■ In reviewing a decision of an administrative law judge and The Appeals Council, this Court is bound by the findings of fact as long as they are supported by substantial evidence. *Rose v. Cohen,* 406 F.2d 753, 755 (6th Cir.1969). If the final decision of the agency is supported by substantial evidence, it must be affirmed even where evidence exists in the record that may have supported a finding in favor of the claimant. *Stillwell v. Cohen,* 411 F.2d 574, 575–576 (5th Cir.1969).

On appeal to this Court, Plaintiff maintained that the ALJ did not base his decision on substantial evidence and failed to apply the correct standards in determining whether the claimant was entitled to insurance benefits. On January 14, 1985, Plaintiff filed a Motion for Summary Judgment, under Fed.R.Civ.P. 56, claiming that the following particulars require a reversal of the Secretary's denial of benefits: (1) the decedent intended to marry her at a date preceding the claimant's birth; (2) prior to his death, the decedent visited Plaintiff on a daily basis; and (3) the decedent's contributions to the unborn child were commensurate with the child's needs.

A case primarily relied upon by Plaintiff, *Adams v. Weinberger,* 521 F.2d 656 (2nd Cir.1975), revolved around whether a posthumous, illegitimate child was entitled to child's survivors benefits. There, the insured wage earner, Peter McGinn, who was married and the father of four children, entered into a "close personal relationship" with Rossini Adams, during which the two parties shared an apartment. When Adams became pregnant, the wage earner contributed an amount estimated to be $300.00 over a seven month period. He also provided her with a $100.00 registration fee for a hospital room. McGinn was murdered eight days before the claimant was born.

In determining that the claimant was entitled to benefits, the *Adams* Court held that the child's father contributed a maximum amount of support in view of his financial posture. *Adams* at 660–661. The Court considered a relevant test of the support requirement to be an inquiry into whether the support by a father for an unborn child was equivalent with the needs of that child at the time of the father's death:

An unborn child is totally dependent upon its mother for its human needs. Thus, a legal requirement that the father's support of the unborn child must be "regular" and "continuous" is purposeless. Support for an unborn child cannot be measured on that basis. Such a test would prevent almost all posthumous children from qualifying under 42 U.S.C. § 416(h)(3)(C)(ii), a result clearly not warranted, given the purposes of the insurance provisions of the SSA. Applying the "regular" and "continuous" test to the measure of support given Ms. Adams is improper since the dependency of the mother is not at issue.

In determining whether or not the insured, wage earning father was contributing to the support of the illegitimate, posthumous child applicant at the time of the father's death, a more relevant test is called for. We must ask whether the support by the father for the unborn child was commensurate with the needs of the unborn child at the time of the father's death. If it was, then the statutory requirements have been met. *Adams* at 659–660.

In *Boyland v. Califano,* 633 F.2d 430 (6th Cir.1980), the mother of the minor claimants filed an action in District Court for review of a final administrative decision that the children were not entitled to surviving children's benefits under the Social Security Act. The wage earner died in 1965, when the two minor claimants were one and six years of age. On numerous instances, he gave five to ten dollars to each of the claimants or to others on their behalf, purchased clothing and presents for them, and permitted them to stay at his home for weeks at a time. Remanding the case for an award of insurance benefits,

the *Boyland* Court held that the contributions made by the decedent fulfilled the requirements of the governing statute:

> The lack of economic well-being or regular income does not eliminate the statutory requirement of "contribution." However, where the resources of the wage earner are scarce and the contributions to his children important to them, the statutory requirements can be satisfied. We emphasize that the periodic contributions were made to the wage earner's own children albeit born out of wedlock. The children should not be denied benefits because the wage earner could only afford small irregular payments. *Boyland* at 634.

The Sixth Circuit Court of Appeals in *Kohut v. Secretary of Health, Education, and Welfare,* 664 F.2d 120 (6th Cir.1981), affirmed the denial of benefits to an illegitimate minor child of an insured wage earner. There, the Court held that the evidence adduced at the administrative hearing failed to establish that the decedent contributed to the minor's support. Additionally, the decedent neither lived with the child nor the child's mother.

In the matter at bar, the decedent, despite holding a part-time employment position, did not contribute any support to his unborn child. While the decedent only was aware of the impending birth for a limited period of time, estimated to be less than one month, he did not contribute any support during that period, such as providing Ms. Johnson with money for medical bills or for the unborn child's needs. Furthermore, he did not set aside funds for the anticipated hospitalization costs.

Since this case, like *Adams,* supra, involves a posthumous, illegitimate child, child's survivors benefits are awardable, under Section 416(h)(3)(A)(ii), only when the insured is shown to be the father, and was contributing to the support, of the claimant. This Court affirms the Secretary's denial of benefits, on the basis that Plaintiff failed to establish that the decedent contributed any support to either the mother or the unborn child in connection with the pregnancy. This case may be distinguished from *Adams,* supra, for the wage earner therein made nominal contributions of support and paid for a hospitalization fee. Although Hicks may have intended to marry Plaintiff and support the claimant, his unfulfilled intentions do not give rise to actual support of the claimant. See *Norton v. Richardson,* 352 F.Supp. 596, 600 (D.Md.1972).

Had Congress intended for a posthumous, illegitimate child to receive child's survivors benefits solely premised on proof that the decedent was the father, it either would (1) not have required proof that the insured wage earner had contributed support for the unborn child or (2) have prescribed in a separate clause that such a child only needs to prove that the decedent was the biological father. In reaching its conclusion, this Court specifically declines to follow the reasoning and holding of *Morgan v. Schweiker,* 558 F.Supp. 331 (S.D. Ohio 1983).

WHEREFORE, this Court affirms the holding of the Administrative Law Judge and the Appeals Council. IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment be DENIED and that Plaintiff's Complaint be DISMISSED.

So Ordered.