Loretta JOHNSON, on Behalf of Dennis BRYANT, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 85–1614.

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1986.

Decided July 18, 1986.

Jack A. Nolish (argued), Meklir, Schreier, Nolish and Friedman, Southfield, Mich., Matthew A. Tyler (argued), for plaintiff-appellant.

Ellen Dennis, Asst. U.S. Atty. (argued), Detroit, Mich., for defendant-appellee.

Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge *.

KRUPANSKY, Circuit Judge.

Plaintiff-appellant Loretta Johnson (Johnson), acting on behalf of claimant Dennis Bryant (Bryant), appealed the judgment of the district court, 610 F.Supp. 276 (1985), affirming the Secretary's denial of surviving child's insurance benefits pursuant to 42 U.S.C. § 416(h)(3)(C)(ii).

In early January of 1971, Johnson learned that she had become pregnant.

Johnson was an eighteen year old high school student who had been dating Dennis Michael Hicks (Hicks) for approximately a year prior to the discovery of her pregnancy. Hicks was an eighteen year old college student who maintained a part time job. After Johnson informed Hicks of the pregnancy, Hicks acknowledged his paternity to friends and family and promised to marry Johnson in August of 1971, shortly before the child's expected birth.

Although Hicks and Johnson continued to live in their respective family homes, Hicks drove Johnson to school in the morning, picked her up in the afternoon, and visited with her in the evenings and on the weekends. On January 25, 1971, Hicks was murdered. Prior to his death, Hicks neither provided financial support to Johnson nor set aside any money to pay for birth expenses. On August 30, 1971, claimant Bryant was born.

■ To be entitled to surviving child's insurance benefits, the claimant must demonstrate that he is the "child" of an "insured individual" as defined in 42 U.S.C. § 416(h)(3)(C)(ii). First, the claimant must demonstrate that an insured individual was "the mother or father of the applicant." Second, the claimant must present evidence that "such insured individual was living with or contributing to the support of the applicant at the time such individual died."

In the present case, the Secretary determined that Hicks, an insured individual, was Bryant's biological father. However, the Secretary denied benefits because the claimant failed to present sufficient evidence that the "support requirement" of 42 U.S.C. § 416(h)(3)(C)(ii) had been satisfied.

■ On appeal, it was undisputed that Hicks was Bryant's biological father and that Hicks had not been "living with" Johnson at the time of his death. Claimant argued that, prior to his death, Hicks contributed to Johnson's support by (1) providing her with transportation to and from

---

* Hon. David Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

school; (2) visiting with her at night and on weekends; and (3) promising to marry her. However, the record disclosed that, prior to his death, Hicks neither provided economic support to Johnson nor set aside any money for birth expenses. Accordingly, this court cannot conclude that the Secretary erred in determining that claimant failed to satisfy the support requirement of 42 U.S.C. § 416(h)(3)(C)(ii).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.