**Edmund ALLEN, et al., Plaintiffs,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 85 C 8031.**

United States District Court, N.D. Illinois, E.D.

June 8, 1987.

Jean Goodwin, Thomas Yates, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Anton R. Valukas, U.S. Atty., James P. White, Asst. U.S. Atty., Michael T. Lamb, Asst. Regional Counsel, Dept. H.H.S., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

The Secretary moves for reconsideration of this court's decision in *Allen v. Bowen*, 657 F.Supp. 148 (N.D.Ill.1987). He contends that the administrative law judge ("ALJ") applied the proper burden of proof under the state law alternative for determining eligibility for child's insurance benefits under the Social Security Act, 42 U.S.C. § 416(h)(2)(A), and therefore that the Secretary should be affirmed on his denial of benefits under that provision. In addition,

the Secretary believes that this court exceeded the permissible scope of its review in its treatment of the claim under the federal alternative, 42 U.S.C. § 416(h)(3)(C)(ii). The Secretary thinks that we found facts in reversing and awarding benefits, and demands that we simply remand the case to him for additional fact-finding instead.

■ As to the state law alternative, we could not affirm the Secretary's decision even if his contention was correct. This court must reverse a decision of the Secretary which rests on an error of law. *Sparks v. Bowen*, 807 F.2d 616, 618 (7th Cir.1986); *Schaefer v. Heckler*, 792 F.2d 81, 84 (7th Cir.1986). Here the ALJ erroneously interpreted the Illinois Dead Man's Act, Ill.Rev.Stat. ch. 110, ¶ 8–201, and so erroneously excluded admissible testimony. *Allen*, 657 F.Supp. at 152–53. Thus the decision to deny benefits under the state law alternative had to be reversed in any event.

■ Nevertheless, the ALJ did not apply the proper burden of proof under Illinois law. The ALJ concluded that there was no difference between proof by clear and convincing evidence and proof beyond a reasonable doubt. In support of this conclusion, he quoted a sentence from *Estate of Ragen*, 79 Ill.App.3d 8, 14, 398 N.E.2d 198, 203, 34 Ill.Dec. 523, 528 (1st Dist.1979):

> ... proof by clear and convincing evidence has most often been defined as the quantum of proof which leaves no reasonable doubt in the mind of the trier of fact....

The Secretary repeats the quotation in his brief in support of this motion.

However, that is a quote out of context. In the very next sentence the *Ragen* court goes on to state that there is a difference between clear and convincing proof and proof beyond a reasonable doubt. In the sentence after that it explains the difference precisely as we did in our memorandum: clear and convincing evidence is a showing that a proposition is "highly probably true," while proof beyond a reasonable doubt is a showing that the proposition is "almost certainly true." *Id.; see Allen*, 657 F.Supp. at 151. The Secretary

also cites to *Estate of Lukas*, 155 Ill. App.3d 512, 108 Ill.Dec. 207, 508 N.E.2d 368 (1st Dist.1987). But the *Lukas* court dealt with the above quotation from *Ragen* in exactly the same manner, going on in the next paragraph to treat "clear and convincing" and "reasonable doubt" as separate and distinct standards. *Lukas*, at 520–21, 108 Ill.Dec. at 213, 508 N.E.2d at 368. The two standards are not the same. By demanding written confirmation of paternity and a record devoid of inconsistencies, the ALJ erroneously applied the more demanding of the two. *Allen*, 657 F.Supp. at 152. For this reason as well, we cannot affirm the decision on the state law alternative.

■ The Secretary also has misread this court's decision on the federal alternative. Again, errors of law require reversal. The ALJ had erroneously required clear and convincing evidence on the federal alternative, whereas the proper standard is proof by a preponderance of the evidence. *Allen*, 657 F.Supp. at 151–52. That constitutes an error of law. Once a court has concluded under 42 U.S.C. § 405(g) that reversal is necessary, its next decision is whether to remand the claim to the Secretary for further consideration or to award benefits outright. Where substantial evidence on the record as a whole supports the claimant, the choice is within the discretion of the court. *Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir.1987); *Podedworny v. Harris*, 745 F.2d 210, 221–222 (3d Cir. 1984).

■ In choosing to award benefits, this court did not, as the Secretary thinks, hold "that application of an erroneously high burden of proof by the Secretary implicitly resulted in establishment of plaintiff's case at a lower burden of proof." (Defendant's reply, p. 1.) Neither did we make "a finding of fact that claimants [had] met their burden of proof." (Defendant's mem. in support of his motion, p. 1.) Rather, we looked at the ALJ's opinion and determined what facts he had found. Interpreting the meaning of the ALJ's opinion is a question of law. *See Imani v. Heckler*, 797 F.2d 508, 511 (7th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). Logically, the only possible reconciliation of

474

his otherwise inconsistent findings and conclusions was that he—the ALJ—had found that claimants had met their burden of proof under a preponderance of the evidence standard, but not under a standard of clear and convincing evidence. *Allen,* 657 F.Supp. at 153. We further determined, in accordance with our reviewing function under § 405(g), that a conclusion that the claimants had not proved their case by a preponderance would not be supported by substantial evidence on the record as a whole. 657 F.Supp. at 153.

An outright award of benefits is preferable to remand whenever the weight of the evidence indicates that a remand would only delay the receipt of benefits while serving no useful purpose, as, for example, when after an opportunity for full development the record lacks substantial evidence to support the Secretary's position. *Podedworny,* 745 F.2d at 222–223; *Bell v. Bowen,* 658 F.Supp. 533, 538–39, and cases cited there. As the Allens point out, our decision in their case resembles that in *Breeden v. Weinberger,* 493 F.2d 1002 (4th Cir. 1974). There, the ALJ had applied an erroneously high burden of proof. *Id.* at 1004–1005. The court reversed and awarded benefits, saying, "We think it appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying [benefits] under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Id.* at 1012. Similarly, since in the instant case substantial evidence supported the claimants and did not support the Secretary, we concluded that an award of benefits was preferable to remand. Application of the wrong burden of proof did not of itself cause the award of benefits. Rather, an award of benefits was the only possible outcome on this record.

## CONCLUSION

Defendant's motion for reconsideration is denied.