**John MISANY, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 87–1044.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 22, 1987.[*]

Decided Aug. 10, 1987.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

Robert C. Angermeier, Angermeier & Rogers, Milwaukee, Wis., for plaintiff-appellant.

Joseph P. Stadtmueller, U.S. Atty., Matthew L. Jacobs, Maxine A. White, James L. Santelle, Asst. U.S. Attys., Milwaukee, Wis., for defendant-appellee.

Before CUDAHY, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

The plaintiff, John Misany, challenges the district court decision dismissing his complaint for damages brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. The plaintiff alleges that the Department of the Army is liable for damages resulting from his lost employment opportunity with the United States Army Reserve allegedly caused by the Army's failure to forward his personnel records to the prospective employer. The district court held that the claim was barred by 28 U.S.C. § 2680(h), which precludes recovery under the FTCA for "[a]ny claim arising out of ... interference with contract rights." For the reasons stated below, we vacate and remand for further proceedings.

I

The plaintiff served as a regular member of the United States Army before he was honorably discharged in 1982. After his discharge, he settled in Milwaukee, Wisconsin, where he was allegedly offered employment in the Army Reserve with the 452 Hospital Unit. The reserve program would have permitted the plaintiff to receive a "medical associate" degree at a local college and also collect full-time pay and benefits in the Army Reserve. However, the plaintiff alleges he was prevented from enlisting in the program because the Army misplaced his personnel file (201 File). As a requirement for admission to the program, it was presumably necessary for the Army Reserve to review the plaintiff's Army file. After two years of searching for the records, they were ultimately located by Army personnel in St. Louis where the records had been misfiled.

The plaintiff therefore claims that the government is liable for the damages caused as a direct and proximate result of the loss of his personnel file. He is seeking damages for lost wages ($15,471.60), uncovered medical expenses for the period that he was without employment ($3,970.55) and compensatory damages in the amount of $100,000.00. In an effort to

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

avoid dismissal under the "contract rights" exception of the FTCA,[1] the plaintiff asserts that his claim is based on a theory of negligence which he characterizes interchangeably as negligent interference with contract rights and negligent maintenance of his personnel file. Thus, he asserts that the lost employment opportunity with the reserves is simply a factor which goes to the issue of damages, not to the underlying character of the cause of action. On the other hand, the district court dismissed the case and found that the action was, in essence, a suit to recover under the tort of interference with prospective employment; a theory of recovery that other circuits have held is barred under the contract rights provision of § 2680(h). *See Moessmer v. United States,* 760 F.2d 236 (8th Cir.1985); *Art Metal-U.S.A., Inc. v. United States,* 753 F.2d 1151, 1153–55 (D.C.Cir. 1985). The action was thus dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for failure to plead adequately jurisdiction under the FTCA.

## II

In addition to satisfying the requirements of § 2680(h), the FTCA also provides that the plaintiff must establish, as a threshold matter, that the government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *Cooks v. United States,* 815 F.2d 34 (7th Cir.1987); *Pardy v. United States,* 783 F.2d 710 (7th Cir.1986). Because the FTCA is, in effect, a jurisdictional statute, the failure to establish adequately compliance with § 1346(b) deprives the court of subject matter jurisdiction over the suit. *See Crawford v. United States,* 796 F.2d 924, 928 (7th Cir.1986). To the extent that § 1346(b) raises an issue of jurisdictional concern, we must address, *sua sponte,* whether the threshold require-

ment has been met. *Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir.1987).

In the present case, the plaintiff has wholly failed to allege which state's law governs the dispute, or whether the law of that state recognizes the asserted causes of action.[2] The plaintiff need not always conclusively establish these matters before the court is entitled to rule on the separate threshold question presented by § 2680(h). *See Block v. Neal,* 460 U.S. 289, 294 n. 3, 103 S.Ct. 1089 (1983); *Crawford,* 796 F.2d at 928–29. In this case, however, we believe that it was not prudent for the court to resolve definitively the § 2680(h) question until it had determined the state whose law ought to apply and the nature of the cause of action permitted under that law. The often-merging concepts of tort and contract law are troubling enough; here, that convergence occurs in an area of particular ambiguity. Until the court has ascertained that the plaintiff has a viable cause of action under the applicable state law and the nature of that cause of action, it cannot resolve accurately the applicability of § 2680(h).

On remand, the district court should identify the state whose law is applicable under the FTCA. It should then determine, under the law of that state, the precise nature of the cause of action stated by the plaintiff's complaint. Only then can it determine with sufficient accuracy whether the plaintiff has stated a cause of action cognizable under the FTCA.

## III

We therefore set aside the district court's decision and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

**1.** 28 U.S.C. § 2680 provides:
The provisions of this chapter and section 1346(b) of this title shall not apply to—
    \*    \*    \*    \*    \*    \*
(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

**2.** Under the FTCA, the place "where the act or omission occurred" determines which state's law will apply to a given dispute. *Richards v. United States,* 369 U.S. 1, 8–10, 82 S.Ct. 585, 590–91, 7 L.Ed.2d 492 (1962); *Bowen v. United States,* 570 F.2d 1311, 1315 (7th Cir.1978).