856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edith YOUNGER for Jill YOUNGER and Walter Younger Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee,
Vicki Hulet for Drenna Hulet, Intervening Defendant-Appellee.
 No. 87-1901.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The widow of a deceased wage earner, acting on behalf of herself and the wage earner's minor children, challenged a Social Security determination awarding survivor's benefits to an illegitimate minor found to be the "child" of the wage earner. Although the United States Magistrate to whom the matter was referred recommended that the decision of the Secretary granting benefits to the illegitimate minor be reversed, the district court disagreed and upheld the Social Security determination. We reverse.
 
 
 2
 The wage earner, Anthony Younger, died October 19, 1983, survived by his widow and two minor children. After Younger's death the intervenor, Vicki Hulet, filed an application for a child's insurance benefits, claiming that her daughter, Drenna Hulet, was Younger's child. Drenna Hulet was born on September 28, 1983, some three weeks before Younger's death. The only evidence of any support for Drenna Hulet by the wage earner consisted of Vicki Hulet's uncorroborated testimony that in March 1983 Younger gave her $100 for a deposit and $100 for the first month's rent for a mobile home into which she moved. Despite the fact that Vicki Hulet had stated when filing for insurance benefits that Younger had provided no support, the administrative law judge who determined that Drenna was entitled to benefits found Vicki Hulet to be "fully credible."
 
 
 3
 The statute under which benefits were awarded provides that a son or daughter of an insured individual shall be deemed to be that individual's child if:
 
 
 4
 in the case of a deceased individual--
 
 
 5
 such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.
 
 
 6
 42 U.S.C. Sec. 416(h)(3)(C)(ii) (emphasis added). It is undisputed that Younger was not living with Vicki or Drenna Hulet at the time of his death. Anthony Younger suffered a stroke in May 1983 and was in either a hospital or a nursing home from that time until his death. The only issue is whether the statutory support requirement was met.
 
 
 7
 Because of Anthony Younger's illness, the ALJ treated Drenna Hulet as if she were his posthumous child and followed cases from other circuits applying a less rigorous support standard where the parent dies before the child is born. E.g., Adams v. Weinberger, 521 F.2d 656, 660 (2d Cir.1975) (The statutory requirements are met if "the support by the father for the unborn child was commensurate with the needs of the unborn child at the time of the father's death."); Parsons for Bryant v. Health and Human Services, 762 F.2d 1188, 1191 (4th Cir.1985) (adopting Adams test). See Chester for Chester v. Secretary of Health and Human Services, 808 F.2d 473, 477 (6th Cir.1987), for discussion of Bryant and Adams.
 
 
 8
 We need not determine whether we would follow the courts that have applied this relaxed standard, because the present case does not involve the claim of a posthumous child. Drenna Hulet was born three weeks before Anthony Younger died. Vicki Hulet was approximately four and one-half months into her pregnancy when Younger had his first stroke. Younger never paid Vicki Hulet's rent after the first month, March 1983, and he paid none of her medical bills in connection with the pregnancy. These facts contrast sharply with those in Parker v. Schweiker, 673 F.2d 160 (6th Cir.1982), where the wage earner had made regular contributions until he was hospitalized and there was evidence he would have continued to contribute if further support had been requested.
 
 
 9
 There is no ambiguity in the statutory language creating the support requirement. Having satisfied the Secretary that she is the daughter of Anthony Younger, for an insurance claimant in the position of Drenna Hulet to be deemed the "child" of the deceased wage earner, she must establish that one of two conditions existed at the time of the wage earner's death. There is no proof in this record that either of those conditions existed. It is admitted that Anthony Younger was not living with Drenna and her mother, and his only support consisted of a contribution of $200 at least seven months before Drenna's birth. The support requirement was not satisfied in this case. Johnson v. Secretary of Health and Human Services, 801 F.2d 797 (6th Cir.1986). Thus, the decision of the Secretary, affirmed by the district court, must be reversed.
 
 
 10
 We are fully cognizant of the need to avoid penalizing illegitimate children by a technical application of the requirements of the Social Security Act. However, we are also aware that the award of benefits to Drenna Hulet caused a reduction in the benefits payable to Jill and Walter Younger. Congress could have made an illegitimate child eligible for benefits if the insured wage earner had contributed to his or her support at any time; however, this is not the test Congress adopted.
 
 
 11
 The judgment of the district court is reversed.