John MISANY, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 88–2268.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1989.

Decided April 24, 1989.

---

Robert C. Angermeier, Angermeier & Rogers, Milwaukee, Wis., for plaintiff-appellant.

Stephen A. Ingraham, U.S. Attys. Office, Milwaukee, Wis., for defendant-appellee.

Before WOOD, Jr., POSNER and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

John Misany sued the United States on September 18, 1985 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80, for injuries resulting from the temporary loss of his Army personnel file. The trial judge granted summary judgment for the United States. We affirm.

## I. FACTUAL BACKGROUND

The facts are not in dispute. In the district court, both parties moved for summary judgment and the district judge summarized the facts from Misany's complaint:

John Misany served in the United States Army from 1976 to 1982. After his honorable discharge, Mr. Misany returned to Milwaukee, Wisconsin. In Milwaukee he found that the United States Army Reserve offered a medical associate degree program under which he could attend a

local college while receiving full-time military pay and benefits. He decided to enter the program and sought to enlist in an Army Reserve unit in Milwaukee. However, he was unable to enlist in the unit because his personnel records did not arrive in a timely fashion from the United States Army Reserve Center in St. Louis, Missouri. Mr. Misany alleges that his file was ultimately located at the record center where it had been misfiled. *Misany v. United States*, No. 85–C–1364, order at 2, 3 (E.D.Wis. June 23, 1988).

On November 5, 1986, the district judge granted the United States' motion to dismiss after finding that Misany's complaint was a claim for negligent interference with contract rights and thus exempted from coverage by the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(h); *see also Misany v. United States*, 826 F.2d 612, 614 (7th Cir. 1987). Misany appealed the district judge's ruling to this court. On August 10, 1987, we vacated the order of dismissal and remanded the case. 826 F.2d at 614. We instructed the district judge to identify the state whose law governs this case and to determine whether Misany's complaint stated a cognizable claim under that state's law. *Id.* On remand, the district judge found that Wisconsin law governed but he departed from his original treatment of Misany's complaint as a claim involving contract rights. Instead, the district judge accepted Misany's characterization of his complaint as a claim for negligent maintenance of personnel records and found that Wisconsin would not recognize a cause of action for negligent maintenance of personnel records. Misany appeals.

## II. ANALYSIS

Misany and the United States agree that Wisconsin law governs.[1] Misany argues, however, that his complaint states a cognizable claim under Wisconsin law. Insofar as the district judge's ruling was based on public policy grounds, Misany argues that

the government waived the public policy defense by not affirmatively raising it in its answer. Alternatively, Misany argues that the district judge should not have ruled on public policy grounds before trial. Finally, Misany suggests that we should certify the issue of Wisconsin's public policy to the Wisconsin Supreme Court.

The Wisconsin courts require a plaintiff pleading a negligence cause of action to plead the four traditional elements of a tort—duty, breach, causation, and injury. *See, e.g., Robinson by Robinson v. Mount Sinai Medical Center*, 137 Wis.2d 1, 402 N.W.2d 711, 717 (1987); *Coffey v. City of Milwaukee*, 74 Wis.2d 526, 531, 247 N.W.2d 132, 135 (1976). The Wisconsin courts also adhere to the minority position of *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928), and define negligence expansively. *See A.E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis.2d 479, 214 N.W.2d 764, 766–67 (1974); *Schilling v. Stockel*, 26 Wis.2d 525, 531, 133 N.W.2d 335, 338 (1965). Nevertheless, liability does not always follow negligence. *See Garrett by Kravit v. City of New Berlin*, 122 Wis.2d 223, 362 N.W.2d 137, 143 (1985); *Hartridge v. State Farm Mut. Auto. Ins. Co.*, 86 Wis.2d 1, 271 N.W.2d 598, 602 (1978); *A.E. Inv. Corp.*, 62 Wis.2d 479, 214 N.W.2d 764, 767. "However, the denial of liability, once negligence is found, is better defined as a public policy choice rather than as a matter of duty, foreseeability or proximate cause." *Hartridge*, 86 Wis.2d at 1, 271 N.W.2d 598, 602.

Under Wisconsin law, "intention is an essential element of a claim for damages sustained as a result of contractual interference." *Hartridge*, 86 Wis.2d 1, 271 N.W.2d 598, 601. Negligence is not enough. Thus, if we reject Misany's classification of his cause of action and instead classify it as negligent interference with contractual relations, Misany's complaint fails. He did not plead intent.

---

1. Although the alleged negligent act or omission occured in Missouri and thus Missouri law would control, *see* 28 U.S.C. § 1346(b), Missouri's choice of law rules require application of Wisconsin law. The parties agreed to the application of Wisconsin law in the district court and neither party raises this issue on appeal.

■ Under Wisconsin law, we are not bound by plaintiff's characterization of his cause of action. *See Martin v. Liberty Mut. Fire Ins. Co.,* 97 Wis.2d 127, 293 N.W.2d 168, 171 (1980). We can, however, and do agree with plaintiff's argument that we should focus on the type of activity causing the injury rather than the type of injury when we characterize plaintiff's complaint. *See Quinones v. United States,* 492 F.2d 1269, 1280 (3rd Cir.1974). The Wisconsin Supreme Court also focuses on the nature of the activity when evaluating claims for negligent interference with contractual relationships. *See Augustine v. Anti–Defamation League of B'nai B'rith,* 75 Wis.2d 207, 249 N.W.2d 547, 554 (1977). The Wisconsin Supreme Court focused more pointedly than Misany would like when it stated "that it is not sufficient that the contract be interfered with, even though the conduct of the alleged tort-feasor might have incidentally had that result. Only if the actor *intentionally* causes the nonperformance can liability follow." *Id.* (emphasis added). "[T]his intent requirement also applies to interference with prospective contracts." *Cudd v. Crownhart,* 122 Wis.2d 656, 364 N.W.2d 158, 160 (Wis. App.1985).

■ Misany claims that the Army negligently lost his records and caused him to lose a prospective job. We hold that his claim is properly classified under Wisconsin law as a claim for interference with a prospective contractual relationship. *Cf. Cudd,* 122 Wis.2d 656, 364 N.W.2d 158, 160. The district court was on the right track to begin with and should not have accepted Misany's characterization of his own claim. Because Misany failed to allege that the Army intended to deprive him of a prospective job when it lost his personnel records, Misany fails to state a claim under Wisconsin law.[2]

■ Misany recognized his dilemma and convinced the district court to consider his complaint as a claim for negligent maintenance of employment records.[3] The Wisconsin Supreme Court has not evaluated this type of claim. Misany argues that the Wisconsin courts would, even though they have not, recognize a cause of action for negligent maintenance of employment records. If we assume, as the district court did, that Misany established that the Army negligently maintained his personnel record, we would need to determine whether liability should follow from this negligence. "Resolution of this issue requires identification and application of current public policy values to the instant facts. This is solely a function of the court." *Hartridge,* 86 Wis.2d 1, 271 N.W.2d 598, 602. Defining appropriate public policy considerations, the Wisconsin Supreme Court declared:

> [R]ecovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tortfeasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

*Coffey v. City of Milwaukee,* 74 Wis.2d 526, 541, 247 N.W.2d 132, 140 (1976).

The district court held that Wisconsin would not recognize a cause of action for negligent maintenance of employment records. The district court based its holding on public policy considerations. The

---

**2.** Misany mistakenly relies on *Quinones v. United States,* 492 F.2d 1269 (3rd Cir.1974). In *Quinones,* the Third Circuit applied Pennsylvania law. We, on the other hand, must apply Wisconsin law.

**3.** Misany also argues that the Army voluntarily assumed a duty to maintain his records. *See Murawski v. Brown,* 51 Wis.2d 306, 187 N.W.2d

194, 197–98 (1971); *American Mut. Liab. Ins. Co. v. St. Paul Ins. Co.,* 48 Wis.2d 305, 179 N.W.2d 864, 868, 870 (1970). Even if Misany established that the Army was negligent based on this theory, public policy considerations would still control liability. *See Hartridge,* 86 Wis.2d 1, 271 N.W.2d 598, 602.

judge stated that "to allow such claims would open the gates to all kinds of suits. Every person who has lost a prospective job opportunity could conceivably fashion a claim against a former employer by arguing that his records were missing or that they were not accurate." We think the district court correctly evaluated the potential impact of this case. Although this litigation is cast in terms of a suit against the federal government, the Wisconsin Supreme Court could not create a special cause of action against the federal government. Nor could the Wisconsin Supreme Court hold the federal government to a standard of care higher than that which it would expect from citizens of the State of Wisconsin.

In rejecting Misany's claim based on public policy considerations, the district court appears to have relied on the "no sensible or just stopping point" consideration. For the reasons stated by the district court, we agree. We also add the following considerations: (1) the remoteness of the injury from the negligence and (2) the disproportion of the injury to the culpability. Arguably, other considerations apply as well. In any event, we do not see how any of the considerations support Misany's claim. We do not think the Wisconsin courts would recognize a claim based on negligent maintenance of personnel records.

■ Misany also claims that the government waived the public policy defense by not initially pleading it as an affirmative defense. If Wisconsin would reject for public policy reasons (or for any reason) the type of claim Misany makes, the federal courts would have no subject matter jurisdiction under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b). Jurisdictional issues cannot be waived. *See Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986) (no waiver of statute of limitations defense under FTCA where jurisdictional); *see also Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (party does not waive challenge to subject matter jurisdiction by failing to raise issue early in pro-

ceedings and court may raise issue at any time); *Misany v. United States*, 826 F.2d at 614 (no waiver of jurisdictional matter under FTCA); *City of Milwaukee v. Saxbe*, 546 F.2d 693, 699 (7th Cir.1976) (subject matter jurisdiction may be raised at any time).

■ Next, Misany argues that it is premature for the district court or us to reject his claim without trial. *See Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis.2d 723, 275 N.W.2d 660, 667 (1979). When the issues are complex or the facts are uncertain, the case should be tried before the court applies public policy considerations. *Id.* Here, however, the issues are not complex and the facts are not in doubt. The district court did not err by applying the public policy considerations before trial. *See Rieck v. Medical Protective Co.*, 64 Wis.2d 514, 219 N.W.2d 242, 245 (1974); *Hass v. Chicago and North Western Ry. Co.*, 48 Wis.2d 321, 179 N.W.2d 885, 888 (1970).

■ Finally, we consider Misany's request that we certify his claim to the Wisconsin Supreme Court for decision. Under Circuit Rule 13 and Wis.Rev.Stat. § 821.01 (1987), we may certify questions of Wisconsin law that control the outcome of a federal case to the Wisconsin Supreme Court for decision. We do not certify questions of state law when the state's highest court has already reached the issue, *see Zabkowicz v. West Bend Co.*, 789 F.2d 540, 543 (7th Cir.1986), or when the issue can be resolved by reference to state statutes or established case law, *see Schaefer ex rel. Schaefer v. Heckler*, 792 F.2d 81, 84 n. 3 (7th Cir.1986). Because we find that current Wisconsin case law provides us with sufficient guidance to resolve the issues presented, we elect not to certify any issues to the Wisconsin Supreme Court.

## III. CONCLUSION

Misany's complaint fails to state a claim under Wisconsin law. We regret that we cannot afford Mr. Misany any relief from circumstances for which he was not respon-

sible. The judgment of the district court is AFFIRMED.